TOMPLAIN et al. v. UNITED STATES.

No. 5615.

Circuit Court of Appeals, Fifth Circuit.
June 30, 1930.

Rehearing Denied. Aug. 6, 1930.

See, also, 42 F.(2d) 202, 205.

Hugh M. Wilkinson, of New Orleans, La., and C. A. Morvant, of Thibodaux, La. (Finnorn & Todd, John J. Finnorn, and Robert B. Todd, all of New Orleans, La., on the brief), for appellants.

Edmond E. Talbot, U. S. Atty., of New Orleans, La.

Before BRYAN and FOSTER, Circuit Judges, and HOLMES, District Judge.

FOSTER, Circuit Judge.

Appellants, Walter Tomplain, Elexandre Mitchell, and Octave Calle, were convicted on an indictment, which, omitting formal parts, charged that they did "unlawfully, wilfully, knowingly, feloniously, and fraudulently import and bring into the United States contrary to law, certain merchandise consisting of 226 Sacks, twelve bottles each, of Whiskey; 76 five gallon tins of Alcohol, and 28 Cases of Alcohol, consisting of two five gallon tins each, which said merchandise was clandestinely introduced into the United States from Mexico without payment of duties thereon. * * *"

There was evidence for the government tending to show the following facts: At about 6 o'clock a. m. on April 3, 1928, the motor boat Ellen C., with appellants on board, and loaded with the liquor described in the indictment, was seized by coast guardsmen in Bayou Boeuf, which is in the state of Louisiana. The defendant Tomplain stated to a witness that the cargo of liquor was his. He first stated that the boat was his, but later denied it, and he said that the liquor came from a schooner named the Lady Antoinette; that he had come from the Gulf, and had lots of trouble before he got in there. The place where the Ellen C. was seized was more than 60 miles from New Orleans, the nearest port of entry, by the shortest route. Tomplain did not indicate by any word or action that he was on his way to New Orleans to declare and enter the cargo. There was further testimony to the effect that the cargo of the Ellen C. was dutiable, and no duty was paid; that some of it was marked Ron Caney, Habana, and Puerto, Mexico. There was no explanation by the defendants as to their possession of the liquor. Error is assigned to the overruling of a demurrer to the indictment and to the refusal of a directed verdict.

The theory of the case adopted by counsel for the United States and the court is that the indictment sufficiently charged a violation of section 593(b) of the Tariff Act of September 21, 1922 (title 19, § 497, USCA), which is as follows: "If any person fraudulently or knowingly imports or brings into the United States, or assists in so doing, any merchandise, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported or brought into the United States contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding $5,000 nor less than $50, or be imprisoned for any time not exceeding two years, or both. Whenever, on trial for a violation of this section, the defendant is shown to have or to have had possession of such goods, such possession shall be deemed evidence sufficient to authorize conviction, unless the defendant shall explain the possession to the satisfaction of the jury."

Appellants contend that, as the vessel had not reached a point in her voyage where it was necessary to declare the cargo and pay duties, the indictment is defective in merely charging, as to the unlawfulness of the importation, that the duties had not been paid, and that under the proof the offense was not complete until the vessel had reached a port of entry and had refused or neglected to pay the duties. Reliance is had on the case of Keck v. U. S., 172 U. S. 434, 19 S. Ct. 254, 43 L. Ed. 505.

The indictment is inartificially drawn, but we think it is sufficient. Undoubtedly the offense denounced by section 593(b), is smuggling. The clandestine introduction of goods into the United States, the importation of which is prohibited, is smuggling. Keck v. United States, supra, page 446 of 172 U. S., 19 S. Ct. 254. Notwithstanding the importation of intoxicating liquor is prohibited by the National Prohibition Act (27 USCA), customs duties are imposed on it by schedule 8 of section 1 of the Tariff Act of 1922 (title 19, USCA § 121, p. 240 et seq.).

In Cunard S. S. Co. v. Mellon, 262 U. S. 100, 43 S. Ct. 504, 67 L. Ed. 894, 27 A. L. R. 1306, the Supreme Court held that the word "importation" is to be taken in its ordinary sense. It consists of bringing an article into a country from the outside. Entry through a custom house is not of the essence of the act. And again in United States v. Ritterman, 273 U. S. 261, 47 S. Ct. 371, 372, 71

L. Ed. 636, where the smuggled articles were diamonds, the court said: "If they had been carried across the boundary in such a way as to avoid a port of entry, we suppose that the offence of smuggling would have been complete when they passed the line, although the smuggler might repent and afterwards report for payment of duties."

Viewing the evidence in this case in the light most favorable to appellants, the conclusion is inescapable that they had no intention of reporting the cargo of liquor to the custom house or of making a formal entry. The evidence that it bore marks indicating its foreign origin, though slight, was sufficient to show prima facie that it came from without the country. Nounes v. United States (C. C. A.) 4 F.(2d) 833. Under the authorities above cited, the offense of unlawful importation was complete, in the absence of a bona fide intent to make entry and pay duties, when the prohibited merchandise entered the waters of the United States, although not actually landed on shore. The assignments of error just discussed are without merit.

Error is assigned to the charge of the court to the effect that the offense was complete when the merchandise was brought within the territorial jurisdiction of the United States; that it was not necessary for it to be either unloaded or brought into a port of entry; and that possession of the goods should be deemed evidence sufficient to authorize conviction, unless the defendant could explain the possession to the satisfaction of the jury. Considering the provisions of the statute above quoted and the facts before the court, this part of the charge was not error.

The seventh assignment of error is as follows: "That the Court erred in instructing the jury that under the concluding clause, above quoted of section 593(b) of the Act of September 21st, 1922, the United States was relieved of the burden of proof, and that the burden of proof, under the circumstances set forth in said paragraph was cast upon the defendants."

Our rule 11 provides that, when the error alleged is to the charge of the court, the assignment of errors shall set out the part referred to totidem verbis. This rule has not been complied with, but, owing to the seriousness of the alleged error, we have carefully examined the entire charge of the court, which appears in the record, and do not find any expression that could be construed as supporting the assignment.

Other errors assigned are without merit, and need not be discussed.

The record presents no reversible error.

Affirmed.

