## UNITED STATES v. LEE FOO YUNG.
### No. 38748.

District Court, E. D. New York.
July 30, 1942.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y. (J. Wolfe Chassen, Asst. U. S. Atty., and Vine H. Smith, Asst. U. S. Atty., both of Brooklyn, N. Y., of counsel), for plaintiff.

Amy Wren, of Brooklyn, N. Y., for defendant.

GALSTON, District Judge.

The jury found the defendant guilty on the first and second counts of the indictment.

Count 1 charges him with a violation of Title 21, U.S.C.A. § 174, in that on May 26, 1942, he did "unlawfully * * * import and bring" into the United States a quantity of crude opium.

Count 2 charges the defendant with the violation of the same section of the Act in that he did "unlawfully * * * facilitate the transportation and concealment * * * of crude opium after the same was imported and brought into the United States."

The defendant moved to set aside the verdict on the ground that there was no importation of the drug and cites Keck v. United States, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505.

The proof discloses that the defendant was a greaser on the British steamship "Menelaus" which arrived at Pier 20, Staten Island, and within the jurisdiction of this court, on May 26th, 1942. Investigation by customs guards who searched the vessel led to the discovery of four slabs of crude opium in a wash pail under some soiled linen in the seamen's washroom. The defendant offered the customs guards $116 in United States currency for the return of two pieces of the opium or if they would cast the opium into the sea through the port hole. Examination of the defendant was also conducted in the barge office and to an interpreter the defendant admitted that he had purchased the crude opium in Krachi, India.

The argument presented is that since the opium did not pass the customs barrier it was not imported into the United States. The difficulty with the defendant's position is that in Keck v. United States the court considered the effect of the alleged violation of §§ 3082 and 2865 of the Revised Statutes relating to unlawful importation of merchandise and the facts of the case had to do with the alleged unlawful importation of certain diamonds. The proof did not disclose that the diamonds had passed the customs barrier, and it was accordingly held that there was no importation or smuggling and that the offense of smuggling is not committed by the concealment of goods on a vessel entering the waters of the United States with intent to smuggle when the goods are not taken through the lines of custom authorities. But that case does not apply to the Jones-Miller Act, 21 U.S.C.A. § 171 et seq., under consideration. This act was considered in Pon Wing Quong v. United States, 9 Cir., 111 F.2d 751, 754. Judge Stephens, writing for the Circuit Court of Appeals, distinguishing the Keck case, said:

"But the case is not authority for appellant's point. The opinion in the cited case clearly shows that the reason for requiring allegations of facts constituting the alleged fraud was that the mere importation of diamonds (the articles imported) was not illegal. Therefore, in that case, in order to state an offense, it was necessary to allege the facts, such as avoidance of customs duties, which made the importation illegal. * * *

"No such situation was faced by the trial court in the instant case. Here the importation was alleged and it must be remembered that 21 U.S.C.A. § 173 makes illegal any and all importation of smoking

opium and that 21 U.S.C.A. § 181 creates the presumption that any such drug found in the United States has been 'imported contrary to law'. * * * This presumption is a rebuttable one."

See, also, Palmero et al. v. United States, 1 Cir., 112 F.2d 922, 924, where it was indicated that the act here under consideration dealt specifically with the unlawful importation of opium and held that opium, as an article of merchandise, was intended by Congress to be withdrawn from the general provisions of Revised Statutes, § 3082. So that after the enactment of the Jones-Miller Act, the word "merchandise", in Revised Statutes, § 3082, no longer embraced opium. The court wrote: "It is clear, then, that there was an 'importation' or 'bringing in' of the opium when the S. S. Exeter entered the territorial waters of the United States, and a concealment of the same."

Thus in effect it was held that there was importation, even though the opium had not been landed in Boston; and that the crime had been committed when the opium was unlawfully brought and concealed within the territorial waters of the United States. See, also, United States v. Caminata, D.C., 194 F. 903.

■■ There remains for consideration whether the indictment is duplicitous. 21 U.S.C.A. § 174 says: "If any person fraudulently or knowingly imports or brings any narcotic drug into the United States * * *."

In the indictment the conjunction "and" is used instead of the disjunctive "or" as in the statute. This question was considered in Troutman v. United States, 10 Cir., 100 F.2d 628, 631, and it was there stated that

"The statute thus embraces in the disjunctive three separate and distinct acts as a crime. The indictment charges the three offenses in the language of the statute, but they are charged in the conjunctive. An indictment charging a statutory offense must follow the statute creating it; but where the statute denounces several acts as a crime, they may be charged in one indictment or in a single count if they are connected in the conjunctive. An indictment drawn in that manner is not duplicitous, and it suffices to prove any one or more of the charges."

The opinion cites Crain v. United States, 162 U.S. 625, 16 S.Ct. 952, 40 L.Ed. 1097;

Ackley v. United States, 8 Cir., 200 F. 217; Simpson v. United States, 9 Cir., 229 F. 940; Dell Aira v. United States, 9 Cir., 10 F.2d 102; Chapman v. United States, 5 Cir., 10 F.2d 124; O'Neill v. United States, 8 Cir., 19 F.2d 322; Poffenbarger v. United States, 8 Cir., 20 F.2d 42; Collins v. United States, 8 Cir., 20 F.2d 574; Wolpa v. United States, 8 Cir., 86 F.2d 35.

The motion to set aside the verdict is therefore denied.