Anderson A. BOURG and Loyal S. Ledet,
Appellants,

v.

UNITED STATES of America,
Appellee.

No. 18281.

United States Court of Appeals
Fifth Circuit.

Dec. 30, 1960.

Francis A. Ledet, Houma, La., for appellants.

Brian S. Odem, Asst. U. S. Atty., Brownsville, Tex., William B. Butler, U. S. Atty., Houston, Tex., for appellee.

Before RIVES, CAMERON and JONES, Circuit Judges.

RIVES, Circuit Judge.

The first count of the indictment charged the defendants with unlawfully importing a narcotic drug, to-wit, 41 grams of heroin hydrochloride, into the United States; and the second count charged them with unlawfully receiving, concealing and transporting said narcotic drug after it had been imported into the United States contrary to law. Each count charged a violation of 21 U.S.C.A. § 174.[1] The defendants were found guilty on both counts. Bourg was sentenced to imprisonment for six years, and Ledet was sentenced to imprisonment for seven years. Each defendant makes two con-

---

1. "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. For a

second or subsequent offense (as determined under Section 7237(c) of the Internal Revenue Code of 1954), the offender shall be imprisoned not less than ten or more than forty years and, in addition, may be fined not more than $20,000.

"Whenever on trial for a violation of this section the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury." 21 U.S.C.A. § 174.

tentions on appeal: **1.** That the district court erred in denying his motion for a suppression of evidence; **2.** That the district court erred in denying his motion for judgment of acquittal.

### Motion to Suppress.

■ The district court exercised its discretion to entertain motions to suppress at the trial,[2] and denied the motions. The evidence on the motions heard in the absence of the jury showed the following: Customs Agent Morgan stationed at Laredo, Texas, between 8:30 and 9:00 on the night of October 29, 1959, "received information from a reliable source [3] that a new, red and white vehicle with Louisiana plates was in Nueva Laredo and that the two occupants of the vehicle had negotiated for a quantity of narcotics, and that they had further put down a quantity of money, and that they were staying at the Virginia Courts." He relayed the information by radio to several other agents who placed the Virginia Courts Motel under observation. At about 9:20 P.M. a red and white Ford automobile, with Louisiana license, was observed parked at the motel. At about 10:00 P.M. the car left the motel and was driven into Mexico. At about 10:40 P.M. the car returned, but was not then searched as the agents were not informed whether the narcotics had been delivered. At about 12:15 A. M., on October 30, the vehicle departed from the motel and proceeded north a short distance to a filling station. Agent Hazur testified that he had by that time learned by radio communication that the men were then in possession of a quantity of heroin. When the car stopped at the filling station, the agents ordered the occupants out, searched the car, discovered the narcotics, and arrested the defendants.

There was no dispute but that the informant was a "reliable source." The peculiar description of the automobile, its location at the Virginia Courts Motel, its occupancy by two men, and its operation into and out of Mexico, all corresponded with the information from the "reliable source." The district court correctly ruled, we think, that the information in the possession of the agents was sufficient to justify the search of the automobile. Draper v. United States, 1959, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327.

### Sufficiency of the Evidence.

■■ On the trial before the jury, the Government proved that Bourg was driving and admitted ownership of the automobile; that the narcotics were in a small brown paper bag underneath the right seat in which Ledet had been sitting; that on the front seat, covered with a white handkerchief, were two loaded .38 caliber revolvers and a box containing 29 cartridges.

In conversations with the agents following the search and arrest, both defendants denied knowing anything about the presence of the heroin in the automobile. Upon the trial, Ledet took the stand in his own behalf and Bourg elected not to testify. Some pertinent facts were disclosed by their statements to the agents and by Ledet's testimony. Ledet was about 30 years of age and Bourg about 23. Both lived in Houma, Louisiana. They had known each other for several years. On Wednesday morning preceding their arrest, they had left Houma in Bourg's automobile and had driven 751 miles to Laredo, Texas, simply on a pleasure jaunt. When they left Houma, Bourg had the automobile and about $900 in money, while Ledet had only about $25. Bourg agreed to pay all expenses. They had visited the "night spots" in Nueva Laredo.

Bourg stated to the agents that he had given $800 to Ledet on the evening before their arrest, and that he did not know what Ledet wanted the money for. The agents asked him to repeat that statement to Ledet. "And he stated to defendant Ledet, more or less, 'You remember, I gave you $800 yesterday.'

---

2. Rule 41(e), Federal Rules of Criminal Procedure, 18 U.S.C.A.

3. He was not cross-examined as to the identity or reliability of the source.

And Defendant Ledet merely shook his head, and stated, 'No, you didn't give me $800.' "

The Government argues that, by moving to suppress the evidence, both defendants impliedly admitted possession of the heroin. Since the indictment itself charged the defendants with possession, they had standing to move to suppress without any admission of possession. "It is not consonant with the amenities, to put it mildly, of the administration of criminal justice to sanction such squarely contradictory assertions of power by the Government." Jones v. United States, 1960, 362 U.S. 257, 263, 264, 80 S.Ct. 725, 732, 4 L.Ed.2d 697.

In circumstantial evidence cases, "the test to be applied on motion for judgment of acquittal and on review of the denial of such motion is not simply whether in the opinion of the trial judge or of the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude." Vick v. United States, 5 Cir., 1954, 216 F.2d 228, 232; see also, Riggs v. United States, 5 Cir., 1960, 280 F.2d 949, 955, and cases collected in footnote 7.

Could the jury reasonably conclude from the evidence that both defendants held possession of the heroin? If not, then as to each defendant, was the evidence inconsistent with every reasonable hypothesis of his innocence? The defendants rely upon United States v. Landry, 7 Cir., 1958, 257 F.2d 425, and Jackson v. United States, 1957, 102 U.S. App.D.C. 109, 250 F.2d 772. More closely in point, we think, is Guevara v. United States, 5 Cir., 1957, 242 F.2d 745. In that case only the owner and driver of the automobile was prosecuted. A package containing 50 marijuana cigarettes had been found on the floor of Guevara's automobile between the driver's seat and the passenger's seat, and a wooden club had been found under Guevara's seat. After a full discussion, we answered the query as to the sufficiency of the evidence to sustain Guevara's conviction:

"Was then the jury warranted in deducing from the evidence inferences which excluded every reasonable hypothesis but that of guilt? We think not. The cigarettes were in such position in the car that they could easily have been placed in the unlocked vehicle by any person. Under the circumstances here proved, there is no rational connection between ownership and possession of the automobile and possession of the cigarettes. For all that the present evidence shows, it is just as reasonable to believe that the cigarettes belonged to the passenger as to the appellant. A jury must not be left to speculate and surmise in a criminal case, merely hoping that they are drawing the proper inference." Guevara v. United States, supra at page 747.

The present case, on its facts, is distinguishable. The two defendants had known each other for several years. They set out on this long trip together. One had $900, the other only $25.00. When arrested, Bourg had $87.50 and Ledet nothing. Bourg's statement that he had given Ledet $800 may or may not have been believed. There were other circumstances, their trips together into and out of Mexico, their departure from the motel after midnight. Particularly damning were the *two* loaded revolvers and the box of ammunition on the front seat with the defendants. No reasonable explanation was given of the intended use of these firearms. Ledet's actions at the time of arrest were described by Customs Agent Glenn, as follows:

"Mr. Rody asked, to the best of my recollection, Mr. Ledet, who was sitting on the right side, he asked them to get out of the automobile. I was standing near Mr. Rody. Mr. Ledet did not orally refuse to get out of the automobile, but he hesitated. He kept moving his hand across the seat. And Mr. Rody repeatedly told him, 'Please get out of

the automobile, before I have to shoot.' Finally, when he did not, Mr. Rody jerked the door open and pulled him out."

We conclude that a reasonable jury could properly accept the evidence as adequate to support a conclusion of both defendants' guilt beyond a reasonable doubt. The judgments are therefore

Affirmed.