**Victor Morales ORTIZ, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 20678.**

United States Court of Appeals
Fifth Circuit.

Jan. 28, 1964.

Rehearing Denied April 1, 1964.

Arturo C. Gonzalez, Del Rio, Tex., for appellant.

Andrew L. Jefferson, Jr., Ted Butler, Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before HUTCHESON, BREITEN-STEIN,* and BELL, Circuit Judges.

BELL, Circuit Judge.

Appellant was convicted after jury trial on count one of an indictment charging him with smuggling one-half pound

* Of the Tenth Circuit, sitting by designation.

of marihuana into the United States in violation of 21 U.S.C.A. § 176a. He was also convicted on count two under which he was charged with having failed to pay, as a transferee, the tax imposed by 26 U.S.C.A. § 4741(a), thereby violating 26 U.S.C.A. § 4744(a) (1).

■ There was no evidence whatever that appellant obtained the marihuana within the United States and therefore, as the United States now concedes, the conviction under the second count cannot stand. Thomas v. United States, 5 Cir., 1963, 314 F.2d 936. Thus it is that the judgment of conviction on count two must be vacated on remand.

■ With respect to the conviction on count one, it is contended that the indictment was fatally defective in that it did not contain all of the essential elements of the offense charged. This count charged the smuggling of marihuana "* * * which had not been invoiced as required by law * * *", and the asserted error rests on the proposition that the indictment made no specific reference to the statutes requiring that marihuana be invoiced. This contention was fully answered in Thomas v. United States, supra, and is without merit.

■■ A basic element of the offense of smuggling marihuana, indeed the *sine qua non* of it, was possession in appellant. Error is assigned on the definition of possession given in the charge, and on the refusal of the court to give a requested definition. The definition given was proper, adequate, and in keeping with the meaning given to that term in similar cases. Guevara v. United States, 5 Cir., 1957, 242 F.2d 745; Curtis v. United States, 5 Cir., 1962, 297 F.2d 639; and Arellanes v. United States, 9 Cir., 1962, 302 F.2d 603.

■ An error of the same type is claimed with reference to the definition of smuggling. It finds its alleged basis in Keck v. United States, 1899, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, where a conviction for diamond smuggling was set aside for failure of proof that customs authorities were bypassed. Absent such proof, the court said, only an attempt was made out, and an attempt is not embraced in the statute on smuggling. 18 U.S.C.A. § 545. The fact of the matter here is that the act of smuggling was complete. The marihuana was found at an inspection station about three quarters of a mile from the international boundary line between the United States and Mexico, near the international bridge at Del Rio, Texas, and within the United States. The Keck case is not controlling for this reason. Another distinguishing feature between this case and Keck is that the importation of diamonds is legal upon duty being paid at the customs office and the diamonds never reached the customs office. On the other hand, the importation of marihuana is illegal except after payment under 26 U.S.C.A. § 4751 of the special tax there required, and after registration under the provisions of 26 U.S.C.A. § 4753, and it is not urged that appellant had registered or paid the tax, or intended to do so. See Tomplain v. United States, 5 Cir., 1930, 42 F.2d 203, involving the importation of whiskey, and cf. Pon Wing Quong v. United States, 9 Cir., 1940, 111 F.2d 751; and United States v. Lee Foo Yung, E.D.N.Y., 1942, 46 F.Supp. 147, involving the importation of opium.

■ This leaves for consideration the questions depending on the sufficiency of the evidence. Appellant relies on Guevara v. United States, supra, where marihuana cigarettes were found under the front seat of an automobile in a position where either Guevara or his companion could have placed them. It was also noted that the cigarettes could have been placed in the unlocked car, which had been parked unattended, by some third person. Guevara was the owner of and the driver of the automobile and his companion was not charged. Applying the test that in circumstantial evidence cases the evidence must be such that the jury may reasonably conclude that every reasonable hypothesis save that of guilt is excluded, we reversed, pointing to the absence of a rational connection be-

tween the ownership and possession of the automobile and possession of the cigarettes, which resulted in the jury verdict being based on speculation and surmise. The United States counters by saying that the question is controlled by Perez v. United States, 5 Cir., 1961, 297 F.2d 12. There the evidence was found to be sufficient as against both occupants of an automobile where the marihuana was found under the automobile seat, and in miniscule particles in the cuffs of their trousers. See also Bourg v. United States, 5 Cir., 1960, 286 F.2d 124.

Taking these cases as guide lines, we find the proof here to be sufficient. Appellant owned the automobile. A special investigator for the Federal Bureau of Investigation had informed one of the customs agents by telephone to be on the lookout for appellant's car as it returned from Mexico. He picked up his male companion, Hernandez, in Del Rio and drove to Villa Acuna, Mexico which is across the river from Del Rio. Prior to leaving they had several beers in Del Rio. They stopped at the inspection station so that appellant might register since he had a previous marihuana conviction. The facts demonstrated that they spent several hours at a night spot in Villa Acuna and that the automobile was parked under a light in front of that establishment to prevent the hub caps from being stolen. They drank a bottle of bacardi. They testified that they were together except for infrequent trips to the rest rooms.

Hernandez, the companion, took the wheel as they left for the return journey because of being less inebriated than appellant. They drove up to the inspection station and appellant got out of the car to report in as he was required to do because of his prior conviction. A customs inspector discovered a small plastic bag of marihuana under the left front seat of the car, i. e., on the driver's side. A further search resulted in the discovery of a half of a burnt marihuana cigarette wrapped in tin foil in the ash tray of the car.

Customs agents testified that appellant at the time was very glassy-eyed, took high floating steps, and that all of his actions were exaggerated. He was perspiring heavily and appeared to be in a state of mental confusion. His answers bore no relation to questions asked. He experienced difficulty in judging distances, and was smiling throughout the proceedings. One of the agents testified, based on his experience of having observed persons under the influence of marihuana, that appellant was under the influence of marihuana or some type of drug. On the other hand, Hernandez was described as walking and talking more or less normally.

The question narrows to the sufficiency of the evidence to impute the possession of the marihuana in the bag to appellant. He owned the car. He furnished the money for the trip. His companion had no money. The car was purposely parked in a lighted place so that it could be seen, and the jury might have believed for that reason that no one else placed the marihuana in the car. These facts, coupled with the evidence of appellant's condition and the partially burned marihuana cigarette would, in sum, be sufficient to tie appellant, as distinguished from his companion, to the marihuana. This was enough in the sense of every reasonable hypothesis save that of guilt being excluded to allow the jury to return a verdict against appellant. It follows that the court did not err in denying the motion for acquittal and for new trial.

The judgment of conviction on count two is reversed, and the case is remanded to the District Court with direction to vacate the judgment and to enter judgment of acquittal as to it; otherwise, the appeal is without merit.

Affirmed in part; reversed in part; remanded with direction.

## ON PETITION FOR REHEARING

### PER CURIAM.

It is ordered that the petition for rehearing in the above entitled and num-

384

bered cause be, and the same is, hereby denied.

 The proof was abundant that the marihuana in question was brought into the United States by appellant without first having paid the special tax due under 26 U.S.C.A. § 4751, and without having registered as is required by 26 U.S. C.A. § 4753. Thus proof of a bypassing of customs, as was required in the diamond smuggling case of Keck v. United States, 1899, 172 U.S. 434, 19 S.Ct. 254, 43 L.Ed. 505, was not a prerequisite to conviction. The other conditions asserted are likewise without merit.