**Byron F. GARRETT, E. J. Hardy, and Clarence Foster, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 22101.**

United States Court of Appeals Fifth Circuit.

Feb. 11, 1966.

David W. Palmer, Purl G. Adams, Crestview, Fla., for appellants.

Clinton Ashmore, U. S. Atty., C. W. Eggart, Jr., Asst. U. S. Atty., Tallahassee, Fla., for appellee.

Before GEWIN and COLEMAN, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Each of the three appellants was indicted and found guilty on four counts:

**922**

(1) having possession and custody of an unregistered still; (2) carrying on the business of a distiller without giving the required bond; (3) illegally making and fermenting mash for distillation; and (4) having possession of distilled spirits in a container to which no tax stamp was attached. 26 U.S.C. §§ 5601 (a)(1), (4), (7), 5604(a)(1).

 The major contention of appellants is that there is not sufficient evidence to sustain their convictions. Appellants' trial counsel, however, did not move for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure either at the end of the Government's case or after trial. In light of this failure, we are not called upon to review the sufficiency of the evidence except to avoid a "manifest miscarriage of justice." Fallen v. United States, 220 F.2d 946, 949 (5th Cir.), cert. denied, 350 U.S. 924, 76 S.Ct. 213, 100 L.Ed. 808 (1955). Such a miscarriage would exist only if it appears that the record is "devoid of evidence pointing to guilt." Molina v. United States, 162 F.2d 198 (5th Cir. 1947). *Cf.* Thompson v. City of Louisville, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960) (violation of due process clause to convict person when record devoid of evidence to support judgment). In this case, not only is there evidence to support each conviction, but the evidence of guilt would be more than sufficient to support an affirmance if motions for judgment of acquittal had been made below.

 Although again not objecting to the alleged defects at trial, appellants also urge now that the trial court erred in its instructions to the jury and in allowing a government witness to remain in the courtroom during the trial. These allegations are without merit: the jury instructions were complete and correct, and permitting one government witness to hear the remaining testimony is "within the sound discretion of the trial judge," *e. g.*, Del Cristo v. United States, 327 F.2d 208, 209 (5th Cir. 1964).

The judgment below is affirmed.