Gilbert Montemayor PALOS, Appellant,

v.

UNITED STATES of America, Appellee.

No. 26593.

United States Court of Appeals
Fifth Circuit.

Aug. 26, 1969.

Rehearing Denied Sept. 19, 1969.

Joe P. Smyer, San Antonio (court-appointed) for appellant.

Ernest Morgan, U. S. Atty., Reese H. Harrison, Ralph H. Harris, III, Asst. U. S. Attys., San Antonio, Tex., for appellee.

Before THORNBERRY and SIMPSON, Circuit Judges, and CASSIBRY, District Judge.

SIMPSON, Circuit Judge:

Gilbert Montemayor Palos allegedly made two sales of narcotics to a government informant: one on December 13, 1966, and the second on February 10, 1967. He was indicted and convicted on six separate counts for violation of Title 21, U.S.C., Sec. 174 and Title 26, U.S.C., Sections 4704(a) and 4705(a), and received concurrent six year confinement sentences. The relevant facts are set out below.

On December 13, 1966, a government informant, Daniel Villar, while under the surveillance of narcotic agents, met with Palos in an attempt to purchase narcotics from him. After this meeting, Villar possessed unstamped narcotics which were not found on a search of his person immediately prior to his encounter with the appellant. Additionally the government funds, which were given to Villar by the narcotic agents to purchase the contraband, were missing. The identical procedure was followed in the February 10 sale and yielded the same results.

At trial, Villar did not testify. Appellant was convicted on the basis of the testimony of the agents who followed Villar and who observed his meetings with the appellant. The agents admittedly never saw an actual transfer of the contraband. An agent also testified that he monitored a telephone call between Villar and the appellant and that the two discussed arrangements for making the February 10 sale.

On appeal, Palos urges that error occurred in his trial in several respects. We find only the following of these contentions worthy of discussion: (1) that the evidence was insufficient to sustain the conviction, (2) that the testimony relating to the monitored telephone call was improperly admitted, and (3) that the trial judge committed prejudicial error in failing to define the term "possession" in his jury instructions. We are not persuaded that error is demonstrated in any respect and accordingly affirm the district court.

■ Appellant's trial counsel did not move for a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure either at the end of the government's case or at the close of all of the evidence. In light of this failure, we are not called upon to review the sufficiency of the evidence except to avoid a "manifest miscarriage of justice". Such a miscarriage would exist only if it appears that the record is "devoid of evidence pointing to guilt". See Garrett v. United States, 5 Cir.1966, 356 F.2d 921; Molina v. United States, 5 Cir.1947, 162 F.2d 198. In this case, the record is not devoid of such evidence. The evidence was largely circumstantial, but contrary to appellant's contention, circumstantial evidence may be sufficient to prove possession. Ortiz v. United States, 5 Cir.1964, 329 F.2d 381; United States v. Pinna, 7 Cir.1956, 229 F.2d 216; United States v. Rossi, 2 Cir. 1955, 219 F.2d 612. Two of the counts upon which concurrent sentence was imposed were for illegal possession under Title 21, U.S.C., Sec. 174.

■ The claim of insufficient evidence is also based on the contention that the surveillance of the informant by the agents was not continuous. This claim is dissipated by close inspection of the record. The procedure followed as to both sales was as follows: One agent would trail Villar on foot while another would sit in a car parked at a vantage

point from which he would keep the entire area under watch. In each case, the agents testified that Villar came in contact with only one person, the appellant. This evidence coupled with the facts that Villar had no narcotics on his person prior to the sales and that Villar did not have the government funds when he returned from contacting the appellant but had narcotics supplied proof that the appellant had possession of the illicit narcotics and transferred them to Villar. The evidence was actually sufficient to have withstood a motion for judgment of acquittal if one had been made. Clearly, no error appears in this regard.

■ The second alleged error is that testimony relating to the monitored telephone call was improperly admitted because the government agent who testified could not identify the voice of the person called as that of Palos. Circumstantial evidence however can be used to establish the identity of the person called. Carbo v. United States, 9 Cir. 1963, 314 F.2d 718, 742, cert. denied, 377 U.S. 953, 84 S.Ct. 1625, 12 L.Ed.2d 498 (1964); Morton v. United States, 7 Cir. 1932, 60 F.2d 696. Here, Villar dialed a number registered to the appellant. When the phone was answered, Villar asked "Palitos?" (a name under which appellant was known) and received a response "Yes, this is he". We think this evidence was sufficient to make out a prima facie case from which the jury could have concluded that the appellant was a party to the conversation.

■■ The third objection raised by Palos is that the trial judge failed to define the term "possession" in his charge to the jury. The record indicates that appellant's counsel made no objection to the charge. Unless there is plain error under F.R.Crim.P. 52(b) this objection cannot be raised on appeal. Since there was sufficient evidence upon which the jury could find possession, the appellant's rights were not prejudiced and no plain error was committed. We have fully considered the appellant's remaining alleged errors and find them to be without merit. The judgment of the lower court is

Affirmed.