**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Raleigh Bennett WRIGHT, Defendant-Appellant.**

**No. 29355**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

June 18, 1970.

Millard C. Farmer, Jr., Newnan, Ga. (Court-appointed), for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., Allen L. Chancey, Jr., Asst. U. S. Atty., for plaintiff-appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM.

 After jury trial Wright was convicted of carrying on the business of a distiller without giving bond as required by 26 U.S.C. § 5173(a), in violation of 26 U.S.C. § 5601(a) (4). There is no merit to his contentions that the evidence failed to support the conviction and that

the giving of the "Allen" charge denied him due process. We affirm.[1]

 Since Wright failed to move for a judgment of acquittal at any time during the trial our review of the sufficiency of the evidence is limited to that necessary to avoid a manifest miscarriage of justice. "Such a miscarriage would exist only if it appears that the record is devoid of evidence pointing to guilt." Garrett v. United States, 356 F.2d 921, 922, (5th Cir.), cert. denied, 384 U.S. 975, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966). Substantial evidence pointing to Wright's guilt is apparent from the record. He appeared at the site of an illicit distillery shortly after it was raided, which fact creates a rebuttable presumption of guilt of the offense of which he was convicted. 26 U.S.C. § 5601(b) (2); United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658 (1965). He was carrying three soft drinks, three tins of sardines, and two cans of beans, from which the jury could infer that he had come to provision the two men who were at the still at the time it was raided. Officers who arrested him and informed him of his *Miranda* rights testified that Wright admitted helping to run the still, but denied ownership. If mere unexplained presence at a still is sufficient to authorize conviction for carrying on a distillery, 26 U.S.C. § 5601(b) (2), it follows that evidence of presence, carrying food, and admission of guilt is more than enough.

██ The giving of the "Allen" charge to the deadlocked jury was accompanied by approved safeguards against coercion. This Court has recently given its approval to this procedure in circumstances similar to those presented by this case. United States v. Betancourt, 427 F.2d 851 [June 1, 1970], Sanders v. United States, 415 F.2d 621 (5th Cir. 1969). - Cf. Note, On Instructing Deadlocked Juries, 78 Yale L.J. 100 (1968). It was not error to give such a charge here.

Affirmed.

1. Pursuant to Rule 18 this case is decided without oral argument.