**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Thomas Jackson HANEY, Defendant-Appellant.**

**No. 28827**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

July 20, 1970.

Harl C. Duffey, Jr., Rome, Ga., for defendant-appellant.

John W. Stokes, Jr., U.S. Atty., Robert E. Whitley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.

SIMPSON, Circuit Judge.

■ We review on appeal [1] the conviction and sentence of Thomas Jackson Haney for violation of the revenue laws of the United States with respect to possession of non-tax-paid distilled spirits in violation of Title 26, U.S.C., Section 5604(a)(2) and 5604(a)(1). The sentence imposed under Section 5604(a)(1) was to confinement for a period of three years.

Appellant urges two points on appeal: (1) whether the evidence was sufficient to support the verdict and judgment, and (2) whether the trial court erred in its instructions to the jury with respect to consideration of the appellant's interest in the outcome of the trial while weighing the credibility of his testimony. For the reasons indicated below, we affirm.

■ With respect to Haney's first contention as to the sufficiency of the evidence to prove his possession, in the sense of dominion and control, over the plastic whiskey containers, we note his failure to preserve the right to question the sufficiency of the evidence because of his failure to move for judgment of acquittal either at the close of the government's case or at the close of all the evidence. See Rule 29, F.R.Crim.P. Our review of the sufficiency of the evidence in this posture of the case is limited to a determination of whether there has occurred a "manifest miscarriage of justice". Such a miscarriage exists only if it appears that the record is "devoid of evidence pointing to guilt". United States v. Wright, 5 Cir. 1970, 427 F.2d 1179; Palos v. United States, 5 Cir. 1969, 416 F.2d 438; Garrett v. United States, 5 Cir. 1966, 356 F.2d 921; Fallen v. United States, 5 Cir. 1954, 220 F.2d 946, cert. denied 350 U.S. 924, 76 S.Ct. 213, 100 L.Ed. 808 (1955).

■ The record here permits no such determination. The jury heard evidence from government [2] witnesses from which it could fairly conclude the existence of the following facts: On December 5, 1968, about 8:30 p.m., in the vicinity of an old house in the rural Yellow Creek section of Pickens County, Georgia, government agents watched Haney remove the back seat from a 1964 Chevrolet and thereafter carry numerous one-gallon plastic jugs from the house and stack them in the back seat area of the car. The agents moved in and arrested the appellant and found 41 gallons of distilled spirits contained in plastic containers without revenue stamps in the car. Even if the point had been properly preserved, the evidence was ample to sustain the jury's finding of guilt.

■ While conceding, as he must, that general instructions as to the defendant's interest in testifying in his own

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

2. Haney himself was the sole defense witness.

behalf are not in themselves prejudicial,[3] Haney urges that here the judge's instructions unduly emphasized and drew attention to the defendant "himself", citing United States v. Kahn, 7 Cir. 1967, 381 F.2d 824, cert. denied, 389 U. S. 1015, 88 S.Ct. 591, 19 L.Ed.2d 661 (1967). *Nelson*, supra, footnote [3], 415 F.2d at 487,[4] is our lodestar in this situation rather than *Kahn*. Even so, when read in its entirety we are not convinced that the judge's charge prejudicially emphasized the appellant's interest under either *Nelson* or *Kahn*. We reproduce the credibility portion of the charge in the margin.[5]

The judgment appealed from is

Affirmed.

3. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895) ; Nelson v. United States, 5 Cir. 1969, 415 F.2d 483.

4. "Appellant contends that the trial court erred in charging the jury that 'in determining the degree of credibility that could be afforded to (the appellant's) testimony, you are entitled to take into consideration the fact that he is the defendant and the very keen personal interest that he has in the result of your verdict'. This instruction has been approved numerous times. Reagan v. United States, 157 U.S. 301, 15 S.Ct. 610, 39 L.Ed. 709 (1895) ; Black v. United States, 309 F.2d 331, 345 (8th Cir. 1962) ; United States v. McCarthy, 295 F.2d 356, 358 (7th Cir. 1961) ; United States v. Marshall, 266 F.2d 92, 95 (7th Cir. 1959) ; Stapleton v. United States, 17 Alaska 713, 260 F.2d 415, 420 (9th Cir. 1958)."

5. "In this regard, I charge you that you are the sole judges of the credibility of each and every witness in the case. In passing upon their credibility, that is, as to which witnesses you will believe and in deciding which is best entitled to belief when there is a conflict, you may consider all the facts and circumstances of the case, the witnesses' manner of testifying, their intelligence, their means and opportunity for knowing the facts to

which they testify, the nature of the facts to which they testify, the probability or improbability of their testimony, their interest or want of interest in the case and also their personal credibility insofar as the same may legitimately appear from the trial.

"Now, ladies and gentlemen, that brings up the question of what, how you should treat the testimony by a defendant in the case. In this regard, I charge you that in a criminal case, the defendant has a perfect right to either testify as a witness in the case or to decline to do so. In weighing his testimony, where such defendant has testified, you should apply the same principles by which the testimony of the other witnesses is tested, including the witnesses called by the Government.

"Now, that necessarily involves a consideration of the interest the defendant has in the outcome of the case. You may also consider the interest or want of interest of the Government witnesses, if it appears from the trial. *You will consider the importance to the defendant of the outcome of the trial and his motive for testifying as he did*. An accused person, having taken the witness stand, is before you just like any other witness. He is entitled to the same consideration and must have his testimony measured in the same way as any other witness, including his interest or want of interest in the case." (Emphasis added)