433 F.2d 946
 UNITED STATES of America, Plaintiff-Appellee,
v.
Charles Edward GREEN, Defendant-Appellant.
 No. 29446 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 October 20, 1970.
 
 William L. McLeod, Jr., Lake Charles, La. (court-appointed) for defendant-appellant.
 Donald E. Walter, U. S. Atty., R. Perry Pringle, Asst. U. S. Atty., for plaintiff-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Green appeals from a judgment entered upon a jury conviction of mail theft and publishing and uttering as true a United States Treasury check with intent to defraud the United States in violation of 18 U.S.C.A. §§ 495, 1702, and 1708. We affirm.
 
 
 2
 Green first argues that the trial court committed reversible error when it gave the jury an Allen charge, in which the court expressed the hope that the case would not have to be retried at additional expense to the parties.
 
 
 3
 The use of the Allen charge has been repeatedly approved in this Circuit. United States v. Wright, 5 Cir. 1970, 427 F.2d 1179; United States v. Betancourt, 5 Cir. 1970, 427 F.2d 851; Williamson v. United States, 5 Cir. 1966, 365 F.2d 12, 16. Moreover, the correctness of a charge may not be tested by isolated statements taken out of context; rather the statement must be considered in light of the entire charge. January v. United States, 5 Cir. 1969, 409 F.2d 31; Gurleski v. United States, 5 Cir. 1968, 405 F.2d 253, 267-268, cert. denied, 1969, 395 U.S. 981, 89 S.Ct. 2140, 23 L.Ed.2d 769. We are satisfied that the charge here attacked was accompanied by approved safeguards against any coercive effect on the jury. See United States v. Wright, supra; Hickman v. United States, 5 Cir. 1969, 406 F.2d 414, cert. denied, 1969, 394 U.S. 960, 89 S.Ct. 1309, 22 L.Ed.2d 561.
 
 
 4
 Relying on Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, Green next urges that the trial court erred in admitting his oral confession into evidence. We disagree. Green was arrested by Postal Inspector Crawford on September 2, 1969. Before any interrogation, Crawford gave Green the proper Miranda warnings. Green then stated that he did not wish to make a statement and that he desired counsel. The interview was immediately terminated, and Green was allowed to consult with his lawyer. On October 14, 1969, Secret Service Agent Windham, without knowledge of the previous interview or of Green's retention of counsel, advised Green of his rights in compliance with Miranda and interrogated him. During this interview Green made an inculpatory statement which was received in evidence at the trial. At no time during the interrogation did Green indicate that he did not wish to make a statement or that he desired to consult a lawyer.
 
 
 5
 Miranda did not hold that, once an accused expresses a desire to have counsel present, the door to present or future interrogation is forever closed. The right to have counsel present can be waived. We are convinced that the government met its heavy burden of showing that Green knowingly and intelligently waived his right to counsel, Id. at 475, 86 S.Ct. 1602. Green knew, as evidenced by the interview with Crawford, that he could have contacted a lawyer if he desired. Thus Green effectively waived his right to have counsel present during the interview with Windham.[1]
 
 
 6
 Finally, Green argues that the court erred in permitting the jury to take a copy of the Information into the jury room. We find no abuse of discretion by the trial judge in granting the jury's request. See Bruce v. United States, 5 Cir. 1965, 351 F.2d 318. The Judgment is
 
 
 7
 Affirmed.
 
 
 
 Notes:
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I
 
 
 [1]
 We find the other contentions that the confession was defective totally without merit