UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert JOHNS and Herman Lee Griffin,
Defendants-Appellants.

No. 72-1377
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 12, 1972.

J. Converse Bright, Valdosta, Ga. (Court-appointed), for defendants-appellants.

William J. Schloth, U. S. Atty., J. Reese Franklin, Ronald T. Knight, Asst. U. S. Attys., Macon, Ga., for plaintiff-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

Defendants Johns and Griffin appeal from a judgment entered on a jury ver-

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

dict of guilty of aiding and abetting another in travelling interstate for the purpose of establishing, carrying on, promoting and managing gambling, an unlawful activity in the State of Georgia, in violation of 18 U.S.C.A. § 2 and 18 U.S.C.A. § 1952. They specify as errors on appeal an illegal search and seizure, the admission of evidence of gambling on dates other than that alleged in the indictment, and insufficiency of evidence to support the verdict and judgment. We affirm.

■ We find no merit to the defendants' contention that the evidence seized in the building where gambling was in progress should have been suppressed because of a violation of 18 U.S.C.A. § 3109.[1] In the light most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, the evidence showed that the agents, wearing conspicuous F.B.I. arm bands, were seen outside of and approaching the building by one of the gambling participants who had just emerged through the only door of the building, and who then turned around and reentered the building leaving the door open. The agents entered through the open door and simultaneously announced their presence and the purpose of their visit. Obviously the agents did not "break open" any door. See Leahy v. United States, 9 Cir. 1959, 272 F.2d 487, cert. denied, 364 U.S. 945, 81 S.Ct. 465, 5 L.Ed.2d 459. Furthermore, the building in which the incriminating evidence was found was not a house. It was a small concrete block building, about 20 by 30 feet with one door, and was furnished with a special gambling table designed for a stationary dealer. Under these circumstances there was no violation of § 3109. Fields v. United States, 5 Cir. 1966, 355 F.2d 543, cert. denied, 384 U.S. 935, 86 S.Ct. 1452, 16 L.Ed.2d 536.

■ Equally without substance is the defendants' argument that the trial court erred in permitting the Government to prove interstate travel by the defendants and the operation of their gambling establishment on dates other than that alleged in the indictment. The indictment alleged that the defendants were guilty of interstate travel for the purposes alleged on March 15, 1970. The court permitted proof of interstate travel on several dates between December 4, 1969, and March 8, 1970.

It was incumbent upon the Government to show that the defendants' game was not a friendly social poker get-together but a business enterprise regularly carried on, as an adjunct of which numerous trips had to be made by the defendants from their homes in Florida to Georgia. Since it was essential for the Government to prove criminal intent and motive the evidence of interstate trips on dates other than that alleged in the indictment was admissible. See United States v. Parten and Whitmire, 5 Cir. 1972, 462 F.2d 430.

■ Finally, defendants' attack upon the sufficiency of the evidence is unavailing because they failed to move for a judgment of acquittal. If a motion for judgment of acquittal under Rule 29, Fed.R.Crim.P. is not made at the end of the Government's case, or at the close of all of the evidence, we are not called upon to review the sufficiency of the evidence except to avoid a manifest miscarriage of justice. Such a miscarriage would exist only if it appears that the record is devoid of evidence pointing to guilt. Palos v. United States, 5 Cir. 1969, 416 F.2d 438, 439, cert. denied, 397 U.S. 980, 90 S.Ct. 1107, 25 L.Ed.2d 391. See also United States v. Haney, 5 Cir. 1970, 429 F.2d 1282; Garrett v. United States, 5 Cir. 1966, 356 F.2d 921, cert.

1. § 3109 provides in pertinent part: "The officer may break open any outer . . . door . . . of a house, . . . to execute a search warrant, if, after notice of his authority and purpose, he is refused admittance . . . ."

denied, 384 U.S. 975, 86 S.Ct. 1869, 16 L.Ed.2d 685; Molina v. United States, 5 Cir. 1947, 162 F.2d 198.

Affirmed.