**YRT, INC., an American Samoa Corporation, Plaintiff,**

v.

**PROGRESSIVE INSURANCE COMPANY (Pago Pago) et al.,
Defendants.**

High Court of American Samoa
Trial Division

CA No. 92-00

March 27, 2002

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Chief Associate Judge.

Counsel: For Plaintiff, Paul F. Miller
For Defendants Dean Haitsell and Daniel M. Whitley, *Pro Hac Vice,* and William H. Reardon

### ORDER GRANTING DEFENDANT
### PARTIAL SUMMARY JUDGMENT

Defendant Progressive Insurance Co. (Pago Pago), Ltd. ("Progressive") filed two separate motions for partial summary judgment and a motion to compel discovery. The motions were heard on February 11, 2002, with all counsel present. Progressive asserts as the basis for the first partial summary judgment motion that the claim of plaintiff YHT, Inc. ("YHT") to recover damages for computer chips allegedly destroyed in a fire, under insurance coverage issued to YHT by Progressive, fails as a matter of public policy. Progressive maintains that there is no issue of material fact as to whether YHT's allegedly destroyed chips were illegal contraband, in which YHT could not have had an insurable interest. We will grant summary judgment on this motion. Hence, we need not rule on Progressive's second motion for summary judgment or discovery motion.

### Standard of Review

■ A court deciding a motion for summary judgment must assume the truth of the evidence presented by the non-moving party and draw from the evidence the inferences most favorable to the non-moving party. *Plaza Dep't Store, Inc. v. Duchnak,* 26 A.S.R.2d 82, 83 (Trial Div. 1994); *Lokan v Lokan,* 6 A.S.R.2d 44, 46 (Trial Div. 1987); *D. Gokal & Co., Ltd. v. Daily Shoppers Inc.,* 13 A.S.R.2d 11, 12 (Trial Div. 1989). Summary judgment is only appropriate when no genuine issue as to any material fact exists and the moving party is entitled to judgment as a matter of law. *Plaza Dep't Store,* 26 A.S.R.2d at 83; T.C.R.C.P. 56(c)

## Background and Undisputed Facts

In early January 2000, YHT obtained an insurance policy from Progressive. On February 23, 2000, a fire occurred in a building leased by YHT. Yu Chun Yung ("Yu"), YHT's president and principal shareholder, filed a claim with Progressives alleging that there were $5.9 million worth of computer chips in the building destroyed by the fire. Yu produced only one invoice as evidence of the chips' existence. Progressive claims that its investigation shortly after the fire produced no evidence of the destroyed chips at the fire location. A few days after the fire, Francis Forrna`i, currently vice president with YHT, removed what materials remained in the burned building and took them to a landfill- The parties do not agree as to whether Forma`i was an agent for YHT at the time he removed the materials, but this issue is at the crux of Progressive's second motion for summary judgment.

When questioned as to why there was so little evidence of the computer chips' existence, Yu revealed the means YHT had used to bring the chips to American Samoa. The chips were brought into the Territory in the luggage, containing personal possessions, of passengers from South Korea. Other parts were then to be assembled with the chips, and the finished components were to be exported for sale. Because the chips were brought in as undeclared personal possessions, YHT had no documentation concerning their importation or any excise taxation they might have warranted.

## Discussion

Progressive's legal argument is quite simple. Progressive alleges that if YHT brought the computer chips into American Samoa, it was done in violation of territorial importation law. Public policy, Progressive continues, dictates that a party has no insurable interest in illegally obtained property.

Progressive concludes that it owes YHT nothing for the allegedly destroyed chips as YHT held no insurable interest in said property in the first place.

YHT responds that its importation of the computer chips violated no particular territorial laws. It seems to take particular offense to the term "smuggle." YHT does not, however, refute the factual allegations that their agents brought computer chips into the Territory in personal luggage, without claiming them as goods or paying any applicable excise tax upon importation, and that YHT intended to use the chips to manufacture goods for export.

■ A review of the Territory's importation and excise tax laws is necessary to further this discussion. Regarding customs, the territorial code dictates that "[a]ll merchandise and baggage imported or brought into American Samoa from any foreign county shall be unladen in the presence of, and inspected by, a customs officer." A.S.C.A. § 27.1002(a). Federal law, applied here as is practicable via A.S.C.A. § 27.1030, dictates that items not declared before the examination of baggage are subject to forfeiture. 19 U.S.C. § 1497. Items which must be declared, including items subject to the excise tax, clearly must be made known to customs officers beyond allowing inspection of baggage. YHT's claim that its agents fulfilled the law's requirements by allowing search of their bags is myopic. If a party were to hide controlled materials in a secret compartment in a piece of luggage, and customs agents were unable to find them, the materials would most certainly not magically become legally imported.

■ The computer chips are subject to an excise tax, as described in A.S.C.A. § 11.1002, and thus should have been declared during importation. YHT claims that an exception found in A.S.C.A. § 11.1002(a)(7) and (c) should have rendered the chips exempt from taxation, namely, that the chips were imported for export sale for consumption outside the Territory. This argument is disingenuous, as the statute requires "separate storage of these items clearly identified for export sale and a system of delivery to the purchaser ensuring their exportation" as qualifications for the exception to apply. A.S.C.A. § 11.1002(c). YHT asserts that because it allegedly planned on eventually exporting the chips, it should qualify for this exception, but fails to even address the statutory requirements. The exception clearly does not apply.

The undisputed facts show, according to territorial law, that YHT illegally imported, or smuggled, the chips into American Samoa. They were, in fact, smuggled. *Tomplain* v. *United States*, 42 F.2d 203, 204 (5th Cir. 1930) (the secret introduction of goods, whose importation requires payment of a duty, is "smuggling"); *Hill* v. *United States*, 42 F.2d 812, 814 (4th Cir. 1930) (to "smuggle" means to bring on shore goods or merchandise for which duty has not been paid, or goods which are illegal to import).

■ The majority view declares that there is no insurable interest in property obtained by unenforceable contracts or illegal activity. *See generally* 43 AM. JUR. 2D *Insurance* § 973 (2000); 9 A.L.R. 2d 181, 194, 2 (1950); 9 COUCH ON INSURANCE 2d 39:24, 26-28 (1985); *see also* A.S.C.A. § 29.122(a) ("A mere contingent or expectant interest in anything, not founded upon an actual right to or in the thing, nor upon any valid contract for it, is not insurable."). Mere possession of property is in and of itself insufficient to constitute an insurable interest. *Splish*

*Splash Waterslides v. Cherokee Ins. Co.*, 307 S.E.2d 107, 109 (Ga. Ct. App. 2983) (insured must have a lawful interest in property before he can insure the interest).

As the allegedly insured goods were, by YHT's own admitted facts, illegally smuggled goods, YHT had no insurable interest in the goods. Based on full consideration of all the filed papers and authorities submitted by both parties, as well as oral argument, we find that there is no genuine issue as to any material fact concerning an insurable interest in the allegedly insured computer chips, and that Progressive is entitled to summary judgment as a matter of law with respect to YHT's damage claim for any loss of the chips under the fire insurance policy issued to YHT by Progressive.

### Order

Progressive's motion for partial summary judgment as to the computer chips is granted. Judgment shall enter in Progressive's favor and against YHT. It is so ordered.