[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13942

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

RYAN LORD REEVES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:22-cr-00026-HL-TQL-2

_____

2                      Opinion of the Court                      23-13942

Before JORDAN, and JILL PRYOR, Circuit Judges, and MORENO,[*] District Judge.

PER CURIAM:

Ryan Reeves appeals his conviction for possession of 50 grams or more of methamphetamine with intent to distribute, *see* 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), arguing that the evidence was insufficient to support the jury's guilty verdict. Following oral argument and a review of the record, we affirm.

Mr. Reeves did not move for judgment of acquittal under Federal Rule of Criminal Procedure 29 on the methamphetamine charge. That means that we review only to determine whether the conviction resulted in a manifest miscarriage of justice. "Such a miscarriage would exist only if it appears that the record is devoid of evidence pointing to guilt." *Garrett v. United States*, 356 F.2d 921, 922 (5th Cir. 1966) (internal quotation marks omitted). Stated differently, a miscarriage of justice results if the "evidence on a key element of the offense is so tenuous that a conviction would be shocking." *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013) (internal quotation marks and citation omitted).

Under this standard, we see no basis for reversal. The jury heard evidence from which it could have found that Mr. Reeves purchased the methamphetamine for his co-defendant, Jennifer McGrotha, and that he hid 300 grams of the methamphetamine in

---

[*] The Honorable Federico A. Moreno, U.S. District Judge for the Southern District of Florida, sitting by designation.

23-13942                Opinion of the Court                3

a cavity behind the front passenger-side fender of her car. In addition, when he was arrested Mr. Reeves was driving Ms. McGrotha's car, which in total contained over 400 grams of methamphetamine. Finally, the amount of methamphetamine in the car was a distribution quantity, and the jury could have found that Mr. Reeves shared Ms. McGrotha's intent with regard to distribution. At the very least, there was enough evidence for the jury to convict on an aiding and abetting theory.

Given this evidence, Mr. Reeves' conviction did not result in a manifest miscarriage of justice. The conviction is therefore affirmed.

**AFFIRMED.**