**UNITED STATES of America**

v.

**532.33 CARATS, MORE OR LESS, OF CUT AND POLISHED DIAMONDS.**

Misc. Civ. No. 55–13.

United States District Court
D. Massachusetts.

Jan. 19, 1955.

**528**

Anthony Julian, U. S. Atty., Lawrence B. Urbano, Asst. U. S. Atty., for plaintiff.

Paul E. Troy and Arthur Brogna, Boston, Mass., for defendant Leiser.

WYZANSKI, District Judge.

This case comes before me on the libellant's motion for summary judgment. Stated broadly, the issue is whether the claimant's diamonds are subject to forfeiture on the ground that he did not declare them when he brought them into the United States on an airplane that unexpectedly came here contrary to his reasonable anticipation.

19 U.S.C.A. § 1498, provides that: "(a) The Secretary of the Treasury is authorized to prescribe rules and regulations for the declaration and entry of * * * (6) articles carried on the person or contained in the baggage of a person arriving in the United States."

Pursuant to the authority conferred there and also in 19 U.S.C.A. § 1624, the Secretary prescribed by regulation, set forth in 19 C.F.R. 10.19(a), that "All articles brought into the United States by any individual shall be declared to a customs officer."

Congress, in 19 U.S.C.A. § 1497, further provided that "Any article not included in the declaration and entry as made, and, before examination of the baggage was begun, not mentioned in writing by such person, if written declaration and entry was required, or orally if written declaration and entry was not required, shall be subject to forfeiture and such person shall be liable to a penalty equal to the value of such article." Act of June 17, 1930, c. 497, Title IV, § 497, 46 Stat. 728.

At this stage of the instant case, there is no dispute about the facts now to be recited.

The claimant carried on his person the diamonds here at stake. He was travelling on an airplane pursuant to a contract providing for his carriage from Germany to France to Gander to Montreal and ultimately to Bermuda. The ticket did not provide, and no one contemplated at the outset of the journey, that the passenger plane would stop in the United States. The claimant had no intention to enter the United States.

Because of unforeseen flying conditions, the plane had to bypass Canada, where the claimant was to deplane, and instead proceed directly to the United States. When the claimant learned this, he insisted on returning to Canada by the first available transportation, and, before any customs official in Boston approached him, he made arrangements to that effect with a commercial airline company at Boston.

When the customs officer did approach him, the claimant did not declare the diamonds which are the subject of this libel. By steps not now necessary to re-

trace, the government discovered that the diamonds were on the claimant's person, and the officials took the diamonds into their possession. By the present proceeding the government seeks to have its legal title to the diamonds recognized.

█ It is the government's view that the admitted fact that these diamonds were not declared is sufficient for it to prevail. The claimant tenders for jury trial the issues that the claimant had no intent to come to the United States, to remain here after his arrival, or to leave the diamonds within the United States. The claimant contends that if the jury accepts his interpretation of the facts, the diamonds cannot be declared forfeit.

In my opinion the government is correct. The issues which the claimant seeks to submit to a jury are irrelevant.

█ The already quoted statute and regulation literally require the claimant to make declaration of what he carries on his person, regardless of his intent in the respects mentioned. And there is every reason to read the statute and regulation according to their letter. The government of the United States has a legitimate concern to discover what any one coming to the United States, whether intentionally or not, whether by force of circumstance or by design, has on his person. Indeed, knowledge as to what a traveler has on his person may cast some light on how long he intends to stay, and whether he is truly in transit. It may indicate whether he would or would not take advantage of the accident of his unintended landing in the United States to make an importation that he had not originally contemplated.

Even if the considerations just set forth were not present, the statute and the regulation embody a policy of requiring whoever crosses our border to show what he brings with him. Matters of public safety and health, as well as matters of fiscal policy, require, or at any rate support, rigid adherence to the demand for disclosure set forth in the statute and regulation.

Motion for summary judgment granted.