**UNITED STATES of America,**

v.

**Edward QUICK et al., Defendants.**

**No. 70 CR 199.**

United States District Court,
E. D. New York.

Jan. 11, 1972.

Edward R. Korman, New York City, for the United States (Robert A. Morse, U. S. Atty., of counsel).

Jacob W. Heller, New York City, for defendant Edward Quick.

Herbert A. Lyon, Kew Gardens, for defendant Norman Zelman.

MEMORANDUM
and

ORDER

DOOLING, District Judge.

The Government has moved for the production for pre-trial inspection of the

books and records of General Roll Leaf Manufacturing Company and both defendants [Edward Quick and Norman Zelman] assert a Fifth Amendment objection to production.

General Roll Leaf was a firm employing thirty or forty people and its sales in one year were reported at $2,500,000. It is not suggested that either defendant kept the books or personally prepared the records of the firm. 26 U.S.C. §§ 6001, 6031, require the keeping of such records and the making of such returns as the regulations prescribe. See 26 C. F.R. §§ 1.6001–1(a), (e), 1.6031–1.

It is apparent that the doctrine of Boyd v. United States, 1886, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746, has been deeply shaken and that drawing upon it as a preclusion of all involuntary production of relevant matter to which a defendant can make out a title of ownership and the use of which in evidence might contribute to his conviction is no longer a secure reliance. What is "testimonial" is more seemingly meaningful than it turns out to be on analysis, for the most impersonal of things have their own condemnatory eloquence. Contrast United States v. Bennett, 2d Cir. 1969, 409 F.2d 888, 895–898, with Hill v. Philpott, 7th Cir. 1971, 445 F.2d 144.

The cases define a species of required records the maintenance of which is under public command and which must be open to governmental inspection for purposes unrelated to criminal law enforcement; such records a defendant can be compelled to produce although they may condemn him. Shapiro v. United States, 1948, 335 U.S. 1, 17–18, 68 S.Ct. 1375, 92 L.Ed. 1787; California v. Byers, 1971, 402 U.S. 424, 91 S.Ct. 1535, 29 L. Ed.2d 9; United States v. Kaufman, 2d Cir. 1970, 429 F.2d 240, 247; United States v. Rios-Gonzalez, 2d Cir. 1971, 450 F.2d 1213; United States v. Warren, 2d Cir. 1972, 453 F.2d 738. Another group of cases requires production where the papers are, although not corporate papers, comparably impersonal. United States v. White, 1944, 322 U.S. 694, 64 S.Ct. 1248, 88 L.Ed. 1542; United States v. Silverstein, 2d Cir. 1963, 314 F.2d 789, 791; United States v. Onassis, D.D.C.1954, 125 F.Supp. 190, 206–210. And the cases requiring the production of corporate records even though the corporation is a "one-man" corporation and the production will implicate the "one-man", e. g., Hair Industry, Ltd. v. United States, 2d Cir. 1965, 340 F.2d 510, 511, although they emphasize the advantage conferred by the corporate form and the special relation of the corporation, as such, to the sovereign, mark limits upon the Boyd doctrine when its restrictions threaten reasonable pursuit by the sovereign of strongly founded policy objectives that require access to records that, in the generality of the instances of record keeping, can with reasonable confidence be expected to be unincriminating and reciprocally useful records to support competing contentions of sovereign and citizen. Cf. United States v. Cote, D.Minn.1971, 326 F.Supp. 444, 451. So far as other factors noted in Hair Industry are concerned, it may be noted that General Roll Leaf used an assumed name and was a partnership so that it was subject to the requirements of General Business Law, § 130, and to the provisions of the Partnership Law, and the partnership form has significant tax consequences as an instrument for the division of income among family members, and for income attributions to invested capital as against managerial function and common service. Today partnerships tend to be treated as mercantile entities that sue and are sued by their partnership names. Fed.R.Civ.P. 17(b); N.Y.C.P. L.R. §§ 310, 1025.

It follows that at this point the burden is upon defendants to show something materially more than a bare assertion of the Fifth Amendment right based only on the fact that the firm's books are owned by its partners (de facto and de jure, as the Government is said to assert) and whether or not they genuinely are private or personal books or records in any vital sense, or are the partners' "testimony" in a significant

sense, rather than impassive and impersonal records of business events transacted between the firm and those with whom it dealt. The defendants make no such showing.

It is, accordingly,

Ordered that the amended motion of the Government to compel defendants Quick and Zelman to produce before trial for inspection before the Court the books and records of General Roll Leaf Manufacturing Company is granted.