■ In the Matter of GRAND JURY PROCEEDINGS. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN DOE et al., Appellants. — Appeal from an order of the County Court, Suffolk County (Copertino, J.), entered February 24, 1982, which denied appellants' motion either to quash eight Grand Jury subpoenas duces tecum or, in the alternative, to hold an evidentiary hearing as to whether those subpoenas were tainted by a claimed illegal search and seizure. Order affirmed, without costs or disbursements. Seven corporations and one partnership concededly interrelated through common ownership, have moved, *inter alia,* to quash eight subpoenas duces tecum issued by a Suffolk County Grand Jury. The Grand Jury probe concerns possible tax and other offenses. The subpoenaed entities are to produce various financial documents for the period of January 1, 1978 to December 1, 1981. The appellants' primary contention is that each subpoena is founded upon records which allegedly had been seized in violation of the Fourth Amendment during a prior investigation. These records were subsequently reviewed during a civil tax audit, which is claimed to have resulted in the present Grand Jury probe. We see no need to consider the Fourth Amendment claims as it is established beyond peradventure that the exclusionary rule is not applicable to Grand Jury proceedings. (*United States v Calandra,* 414 US 338, 351; *People v McGrath,* 46 NY2d 12, 22.) The search and seizure questions presented are matters to be resolved at a suppression hearing if an indictment is returned against any of the appellants. (See *United States v Calandra, supra; Matter of Search Warrant No. L-18/81,* 108 Misc 2d 440, 445.) Nor do we perceive any violation of the secrecy requirements of the Tax Law which requires quashing the subpoenas. Assuming, *arguendo,* that the secrecy requirements imposed upon the Department of Taxation and Finance apply to gasoline taxes, the department may turn over information to the Attorney-General for investigation and possible prosecution of tax offenses. (Tax Law, §§ 202, 1146; Executive Law, § 63, subd 3; see, also, *People v Lyon,* 82 AD2d 516, 517.) The partnership appellant, in which the partners are husband and wife, asserts that the records sought are personal and that production of the documents would violate the individuals' Fifth Amendment privileges. (See *Bellis v United States,* 417 US 85, 101; *United States v Slutsky,* 352 F Supp 1105.) We adhere to the view that the familial relationship of the members of a partnership is not dispositive but, rather, a factor in the determination that the records sought are personal. (See *United States v Alderson,* 646 F2d 421; *Matter of Witness Before Grand Jury,* 546 F2d 825, 827; *United States v Kuta,* 518 F2d 947, cert den 423 US 1014; *Matter of September 1975 Special Grand Jury,* 435 F Supp 538; *People v Lynch,* 83 Ill App 3d 479.) It is not enough for the movant to simply declare the documents are personal in nature to obtain the protection of the Fifth Amendment. (*Matter of September 1975 Special Grand Jury, supra,* p 544; *United States v Quick,* 336 F Supp 744, 745.) The partnership has solely pointed out that the partners are a husband and wife. Without more, this court is not prepared to declare that the papers of the entity are private. In addition, New York has adopted the Uniform Partnership Act and its provisions concerning account-

ings, a partner's fiduciary obligations to the partnership and the availability of records, which may well compel the conclusion that the partnership records, if indeed held by one of the partners, is possessed in a representative capacity. (See Partnership Law, §§ 41, 43; *Bellis v United States, supra; United States v Kuta, supra,* p 954; *Matter of September 1975 Special Grand Jury, supra,* p 543.) There is accordingly no basis to quash the subpoena duces tecum directed to the partnership. None of the subpoenas at issue should be quashed on relevance grounds in view of the interlocking relationship among the entities. The Grand Jury is investigating tax and other offenses. The records of one entity may well shed light on the acts of a related entity and prove to be a useful aid to the Grand Jury inquiry. (See *Virag v Hynes,* 54 NY2d 437.) Accordingly the subpoenaed documents are to be produced. We are cognizant that the Attorney-General has offered to minimize the interruption of business attendant to such production and assume that satisfactory arrangements will be made. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.