## MATTHEWS et al. v. UNITED STATES.
### No. 12817.

United States Court of Appeals
Fifth Circuit.

Oct. 28, 1949.

Rehearing Denied Nov. 25, 1949.

John J. Flynt, Jr., Griffin, Ga., W. A. Bootle, Macon, Ga., for appellants.

T. Reese Watkins, Asst. U. S. Atty., Macon, Ga., John P. Cowart, U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, McCORD, and SIBLEY, Circuit Judges.

McCORD, Circuit Judge.

James Matthews, John Henry Nichols, John Henry Radney and Will S. Stewart, were all tried together upon an indictment containing four counts, charging (1) that they had in their possession and custody and under their control an unregistered still and distilling apparatus; (2) that they carried on the business of distillers without having given bond therefor; (3) that they carried on the business of distillers, with intent to defraud the United States; and (4) that they worked in an unregistered distillery. Title 26 U.S.C.A. §§ 2810, 2831 and 2833.

All four appellants interposed pleas of not guilty, and a jury convicted each of them upon all four counts in the indictment.

■■ We consider it unnecessary to restate the evidence at length, or to pass upon the numerous specifications of error assigned. There is abundant evidence in the record which points unerringly to the guilt of each of the appellants except Will Stewart. As for the appellant Stewart, the only evidence against him is that he walked down a path toward the distillery and was arrested when near an old truck, 30 or 40 paces away from the distillery. When ap-

prehended he was carrying a paste-board box containing groceries on his shoulder. There is no evidence whatever that Stewart ever had this distillery in his possession and custody or under his control, as charged in count 1, or that he carried on the business of a distiller as charged in count 2. Moreover, there is no evidence that he carried on the business of a distiller with intent to defraud the United States, as charged in count 3, because under the evidence adduced he was never shown to be present at the distillery until arrested near the truck and taken down there by the offcers. Certainly the evidence does not justify his conviction for working in a distillery, as charged in count 4. We therefore conclude that the evidence against Stewart is wholly insufficient to sustain his conviction. Partson v. United States, 8 Cir., 20 F.2d 127; Graceffo v. U. S., 3 Cir., 46 F.2d 852, 853; U. S. v. De Vito, 2 Cir., 68 F.2d 837; cf. Murphy v. U. S., 8 Cir., 18 F.2d 509, 512.

The conviction of appellants Matthews, Nichols, and Radney is affirmed. The conviction of the appellant Stewart should be, and the same is hereby reversed.

Affirmed in part and reversed in part.