**TENORE v. UNITED STATES.**

No. 4748.

United States Court of Appeals
First Circuit.

Oct. 29, 1953.

David Lavien, Boston, Mass. (Samuel Green and Green, Green, Romprey & Sullivan, Manchester, N. H., with him on the brief), for appellant.

D. Frederick O'Connor, Asst. U. S. Atty., Manchester, N. H., (Robert D. Branch, Asst. U. S. Atty., Concord, N. H., with him on the brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

WOODBURY, Circuit Judge.

This is an appeal from a judgment sentencing the defendant to a fine and imprisonment after a jury had found him guilty as charged in an indictment for conspiracy laid under Title 18 U.S.C. § 371 to violate Title 26 U.S.C. §§ 2810, 2833, 3321, the first paragraph of § 2834 and § 2803 (a), that is to say, conspiracy to operate a still in violation of federal law.

Federal enforcement officers kept the Morelli Farm, so called, in Atkinson, New Hampshire, under surveillance for several weeks during the late spring and early summer of 1951, and on July 11, they obtained a warrant to search the premises. The warrant was served about 6:45 P.M. on July 16, and at that time a large still was found in full operation in the barn in clear violation of federal law. It was attended at the time by a young man stripped to the waist who was sitting beside it reading a comic book entitled "Crime Does Not Pay." Several persons, including the defendant-appellant Tenore, were found on the premises and placed under arrest.

There can be no doubt that at least some of the persons arrested had con-

spired to operate an illegal still on the Morelli Farm, and that one or more of them had done overt acts in furtherance of the illegal design. We do not understand the appellant seriously to contend otherwise. The principal question Tenore presents is whether the evidence as a whole is sufficient to show beyond a reasonable doubt that he was one of the conspirators.

When the raiding officers entered the premises Tenore was found stripped to the waist lying or sitting on the ground under some trees across a driveway about ten feet, or perhaps more, from the entrance to the barn. He admitted to the officer who arrested him that he came from New Jersey, where several other persons arrested on the premises at the time also came from, and that he had been on the premises for four days. Then soon after his arrest he asked for and was given permission to obtain some additional clothing, and he went into the barn with an officer, took down some clothing hanging beside the still from a nail and put the clothing on. Later at his request more clothing which he described and claimed as his was brought to him from the house.

■ Perhaps the foregoing evidence might not be enough to support a conviction for a substantive offense under any one of the sections of Title 26 enumerated above. But certainly it indicates more than a casual innocent association with those who were actually operating the illegal still, or a mere chance presence upon the premises where the illegal still was located. Cf. Girgenti v. United States, 3 Cir., 1936, 81 F.2d 741; Matthews v. United States, 5 Cir., 1949, 177 F.2d 278; Graceffo v. United States, 3 Cir., 1931, 46 F.2d 852; United States v. De Vito, 2 Cir., 1934, 68 F.2d 837. We think the evidence clearly warrants an inference by the jury that beyond a reasonable doubt Tenore had knowingly engaged in concerted action, if not with those who had set up the still on the premises, at least with those who were actually operating it at the

time the search warrant was served. See Butler v. United States, 10 Cir., 1952, 197 F.2d 561, 563. There is so little doubt of this in our minds that we see no object in laboring the point further.

Objections made by appellant to the admission of certain evidence require only brief consideration.

■ To show Tenore's connection with the illegal distilling venture undertaken on the Morelli Farm the Government introduced evidence that early in March 1951 Tenore visited a store dealing in oil burners and enquired if a certain oil burner there on display could be used to operate a still. This evidence indicates an interest by Tenore in setting up or operating a still, and the fact that there is no evidence that Tenore bought the oil burner in question, or any other, or that the oil burner about which he enquired, or one like it, was used to fire the still found on the Morelli Farm, detracts from the weight of the evidence but does not entirely destroy its probative force.

■ For the same purpose the Government also introduced evidence that Tenore had purchased a hand operated pump of a certain type on July 2, 1951, and that a carton in which a pump of the same type was packaged by the manufacturer was found on premises in Saugus, Massachusetts, where alcohol made on the Morelli Farm was taken, apparently for storage. This evidence also has some tendency to show Tenore's connection with the illegal distilling venture in Atkinson. The fact that no pump of the type was found at the still detracts from the force of the evidence but does not wholly destroy its value. The two foregoing items of evidence standing alone, we agree, would not be enough to show the appellant's participation in the conspiracy alleged. But nevertheless it has some tendency to bolster the other evidence of Tenore's participation in the illegal enterprise carried on at the Morelli Farm. We see no error in admitting the evidence for what it might be worth.

Other objections made by the appellant have been considered but we do not think them of sufficient moment to merit discussion.

The judgment of the District Court is affirmed.