Curtis **FALLEN**, Irene Fallen and Hugh Dorsey Trice,

v.

**UNITED STATES** of America.

No. 15301.

United States Court of Appeals, Fifth Circuit.

April 8, 1955.

Rehearing Denied May 18, 1955.

Zach H. Douglas, Jacksonville, Fla., A. A. Nathan, Brunswick, Ga., for appellant.

Donald H. Fraser, Asst. U. S. Atty., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before HOLMES and RIVES, Circuit Judges, and THOMAS, District Judge.

RIVES, Circuit Judge.

The appellants were tried together upon two consolidated indictments of several counts each, all relating to stolen motor vehicles. The jury returned a verdict, finding the defendants guilty on all counts of the first indictment and the parties make no point but that as to each party that means on all counts in which such party is included. A fourth defendant, Jack Lynn, was also charged in several counts of the first indictment and was found guilty and sentenced, but does not appeal. Jack Lynn was not named in the second indictment. On the second indictment Curtis Fallen and Irene Fallen were found guilty on all counts, but Hugh Dorsey Trice was found not guilty on the two counts in which he was named. Curtis Fallen was sentenced to ten years imprisonment under each indictment, the sentences to run concurrently; Irene Fallen to three years imprisonment under each indictment, the sentences to run concurrently; and Hugh Dorsey Trice to two years imprisonment under the first indictment.

The first indictment, No. 467, contained five counts: Count One charged that on or about April 20, 1953, Curtis Fallen, Irene Fallen, and Jack Lynn transported a stolen motor vehicle, a 1952 Cadillac automobile, from Jacksonville, Florida to Brunswick, Georgia, knowing said motor vehicle to have been stolen and in violation of Title 18 United States Code, Section 2312. Count Two charged that on or about April 20, 1953, Curtis Fallen, Irene Fallen, Jack Lynn and Hugh Dorsey Trice willfully and knowingly received, concealed and disposed of the 1952 Cadillac automobile, which was then moving as a part of interstate commerce, knowing the same to have been stolen and in violation of Title 18 United States Code, Section 2313. Count Three charged that all four defendants, along with Thomas Curtis Jones, not indicted, did unlawfully conspire and agree together to commit the offense charged in Count Two, the conspiracy being in violation of Title 18 United States Code, Section 371. Counts Four and Five were directed against Curtis Fallen alone. Count Four charged Curtis Fallen with transporting a stolen Buick automobile from Jacksonville, Florida to Kingsland, Georgia, knowing the same to have been stolen in violation of said Section 2312. Count Five charged Curtis Fallen with unlawfully concealing and disposing of the same Buick automobile, which was then moving as a part of interstate commerce, knowing it to have been stolen in violation of said Section 2313.

The second indictment, No. 468, contained three counts: Count One charged that Curtis Fallen and Irene Fallen transported a stolen motor vehicle, a 1952 Pontiac automobile, from Jacksonville, Florida to Brunswick, Georgia, knowing the same to have been stolen in violation of said Section 2312. Count Two charged that Curtis Fallen, Irene Fallen and Hugh Dorsey Trice did knowingly receive, conceal and dispose of said 1952 Pontiac automobile, which was moving as a part of interstate commerce, knowing the same to have been stolen in violation of said Section 2313. Count Three charged Curtis Fallen, Irene Fallen and Hugh Dorsey Trice with conspiracy to commit the offense described in Count Two, the conspiracy being in violation of said Section 371.

The United States Attorney stated that Thomas Curtis Jones was not included in the indictments because he had pleaded guilty in the Middle District of Alabama to all charges against him.

Jones turned state's evidence and was the Government's principal witness.

■ In the course of his testimony he related a conversation which he claimed he had had with Irene Fallen, one of the alleged conspirators; that Irene Fallen told him that she had worked with two men named Denton and Hornbeck, and that they had been bringing cars to alleged conspirator Trice to have the numbers changed and then taken them to a place in Evansville, Indiana, but that "there was no reason we should cut all those people in, * * *, that Mr. Trice would change the numbers for us and that we would sell the cars ourselves." The objection to this testimony was properly overruled, the statements of one conspirator while the conspiracy is in progress being admissible against the co-conspirators. 11 Am.Jur., Conspiracy, Sec. 40.

■ Jones further testified that he knew the men referred to as Denton and Hornbeck, "It was two gentlemen that had previously been in the Federal Penitentiary in Atlanta, Georgia, and since then has been convicted of robbing the Citizens & Southern National Bank in Savannah, Georgia." Upon objection by the defendants, that statement was withdrawn by the Government, and the court charged the jury, "Well, it has been withdrawn. Gentlemen of the jury, don't consider any statement he might have made about Hornbeck and Denton, about meeting them in the Federal Penitentiary. Just disregard that, gentlemen." The defendants, nevertheless, moved the court to declare a mistrial on account of the prejudicial nature of the testimony. We cannot say that the court abused its discretion, or committed any reversible error in overruling the motion for mistrial.

■ Cletus Goldman, a prisoner brought from the federal penitentiary in Terre Haute, Indiana, testified that he knew Curtis Fallen and Irene Fallen. Over the objections of each of the defendants, he then testified that along with two men not named in the indictment he had in the early part of January (the year not being designated) carried to Trice's garage in Brunswick, Georgia, two Oldsmobiles that were stolen in Florida, and that Trice had changed the numbers on these stolen automobiles. Goldman's testimony was offered as against Trice alone. Except for being acquainted with the other defendants, he testified to nothing injurious to them, and as to Curtis Fallen and Irene Fallen, we hold that the error in the admission of his testimony was harmless. Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A. The theory upon which the district court admitted Goldman's testimony against Trice was to show Trice's state of mind, his criminal intent and bad faith, and in its final charge to the jury, the court instructed them as shown in the margin.[1]

■ We think that there could have been no real question of Trice's criminal motive if, in fact, he changed the numbers on the stolen automobiles. Proof of the commission of the act carried with it the evident implication of a criminal intent. In such instances, evidence of the perpetration of other like offenses is not needed to establish criminal motive or intent and is not admissible for such purpose. 20 Am.Jur., Evidence, Sec. 313, pp. 295, 296, Note 20. It is practi-

---

1. "Where knowledge, motive, intent, good or bad faith, and other matters dependant upon a person's state of mind are involved, as a material element in a criminal offense with which the defendant is charged, evidence of the defendant's conduct with reference to similar transactions about the same time is admissible for the consideration of the jury insofar only as they may tend to illustrate the state of the defendant's mind on the subject involved. Whether they illustrate it or not is a question for the jury.

"Any evidence with reference to other transactions of the defendant should be limited by the jury to the consideration of the state of the defendant's mind with reference to the subject involved in the case now on trial."

cally impossible for us to believe that the evidence was offered by the Government actually and in good faith to prove motive or intent. Trice had no notice of, nor opportunity to defend himself against, the criminal acts testified to by Goldman. As to Trice, Goldman's testimony was most harmful, and its admission must result in a reversal of his conviction.

 A number of the remaining questions argued relate to the sufficiency of the evidence as to various counts of the indictment. There was no motion for a judgment of acquittal, and in the absence of such a motion we are not called upon to review the sufficiency of the evidence, except to prevent a manifest miscarriage of justice. Rule 29, Federal Rules of Criminal Procedure; Ansley v. United States, 5 Cir., 135 F.2d 207; Demos v. United States, 5 Cir., 205 F.2d 596. A careful study of the record fails to convince us that there has been any miscarriage of justice against Curtis Fallen or Irene Fallen.

 It is further insisted that the district court erred in not granting a new trial on the ground of newly discovered evidence, but we find no abuse of discretion in that respect, and the denial of such motion is, therefore, not subject to review. United States v. Johnson, 327 U.S. 106, 111, 112, 113, 66 S.Ct. 464, 90 L.Ed. 562.

In the absence of objections to the evidence complained of, Rule 51, Federal Rules of Criminal Procedure, or to the court's instructions, Rule 30, Id., and there being no apparent miscarriage of justice, we are not called on to review the other claimed errors. See Holmgren v. United States, 217 U.S. 509, 523, 30 S.Ct. 588, 54 L.Ed. 861.

The judgment of conviction of appellant Hugh Dorsey Trice is reversed and the case remanded for a new trial of the charges against him. As to Curtis Fallen and Irene Fallen, the judgments are affirmed.

Reversed and Remanded in Part, and Affirmed in Part.