Abraham Leroy **BAKER**, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 15693.

United States Court of Appeals
Fifth Circuit.

Nov. 25, 1955.

Rehearing Denied Jan. 17, 1956.

Julian Hartridge, John Saxton Daniel, Savannah, Ga., for appellant.

Joseph B. Bergen, Asst. U. S. Atty., Savannah, Ga., William C. Calhoun, U. S. Atty., Augusta, Ga., for appellee.

Before RIVES, TUTTLE and JONES, Circuit Judges.

JONES, Circuit Judge.

The appellant was charged in a five-count indictment with possession of an unregistered still, carrying on the business of a distiller without having given bond, carrying on the business of a distiller with intent to defraud the United States of its tax on distilled spirits, working at a still where no "Registered Distillery" sign was posted, and possession of untaxed liquor. On the first and last of these counts he was convicted. On the others he had the benefit of a directed verdict of acquittal. Growing out of the same episode was a separate indictment for resisting arrest which was consolidated for trial with the other charges and on which a guilty verdict was returned but set aside on a motion

for new trial. From the conviction of possession of an illicit still and possession of untaxed liquor appeal was taken.

Federal and State officers were led during the nighttime by the sound of voices and the odor of cooking mash to a building in a rural area near Savannah, Georgia, which housed an illegal still in the process of making moonshine liquor. Appellant was observed coming from the building and was in conversation with other persons at the premises. Ascertaining he was being observed he ran, on being seized he resisted, and on being subdued he said he knew the "revenues didn't shoot at them if they ran" and that he couldn't be blamed for trying to get away. On being searched it was found that appellant had a key ring upon which was a key which fit the lock on the door of the building in which the still was found and a key to a Plymouth automobile parked nearby. In the car were 225 pounds of sugar, a quantity of charcoal and two pieces of copper pipe similar to pipe used in the still.

Appellant contended and on the stand testified that he had gone from Savannah in the Plymouth with one Jim Brown, assumed by appellant to be the owner of the car, for the purpose of driving it back and working on it at a garage where appellant said he was employed. He admitted seeing the charcoal but thought nothing of it. The sugar was in the trunk of the car and he claimed he had no knowledge of it. He explained his attempted flight and his resistance to arrest by saying he was scared and excited.

Over appellant's objection, and prior to appellant's testimony, the court admitted evidence of seven prior convictions of violations of the internal revenue liquor laws.

■■ The appellant urges before us that reversal is required because of error in the admission of evidence of the prior convictions and because of inadequacy of the evidence to sustain a conviction. We agree that the first point is well taken. Evidence of prior convictions of criminal offenses unconnected with the one on trial is, as a general rule, not admissible. There are exceptions to this rule, some of which are discussed in the frequently cited case of Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, certiorari denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550, rehearing denied 314 U.S. 716, 62 S.Ct. 478, 86 L.Ed. 570. Such testimony will be received for the purpose of showing specific knowledge, specific intent, motive, design or scheme where any such element is essential in the commission of the offense. The crimes of possessing untaxed liquor and of possessing an unregistered still are not such offenses as require that specific intent which lowers the bar against evidence of convictions of unrelated offenses. McClain v. United States, 5 Cir., 1955, 224 F.2d 522. On this ground appellant must have a new trial.

■ Appellant urges that the evidence against him was all circumstantial and not inconsistent with his innocence and that an acquittal should have been directed under the precedents established in Matthews v. United States, 5 Cir., 1949, 177 F.2d 278, and Vick v. United States, 5 Cir., 1954, 216 F.2d 228. These cases we have read, and reading the Vick case we find a quotation from a decision of the Seventh Circuit Court of Appeals where it is said:

"The facts in a broad sense are not dissimilar to our case. Yet there are differences, and it is the differences in each case which determine which case should be taken from the jury." United States v. Mann, 7 Cir., 1939, 108 F.2d 354, 358.

Here are factual differences from the cited cases of Matthews and Vick. Here we find no error in the refusal of the District Court to direct a verdict of acquittal.

The appellant urges that there was an absence of proof that the tax was not paid on the liquor, and that an erroneous charge was given. These questions are not likely to recur upon another trial and so do not require comment.

In order that there may be a new trial the judgment is

Reversed and remanded.

RIVES, Circuit Judge (concurring specially).

That conviction or acquittal often depends on whether evidence of prior criminal offenses is admissible is evidenced by the nearly 100 pages devoted to that subject in Corpus Juris Secundum, 22 C.J.S., Criminal Law, §§ 682–692, pp. 1084–1179. It is, therefore, highly important that we have sound reasons for the application of the rule or the exception thereto, and my disagreement with the reasoning of my brothers impels me to concur specially. Because the charges on trial do not require proof of a "specific intent" is not, in my opinion, a sufficient reason, in and of itself, to exclude evidence of prior convictions. The crimes of possession of an unregistered still, I.R.C.1954, § 5601, 26 U.S.C.A. § 5601, and of possessing distilled spirits in unstamped containers, I.R.C.1954, § 5642, 26 U.S.C.A. § 5642, here charged, involve, I think, the element of conscious wrongdoing or a general criminal intent as do most other offenses. See Morissette v. United States, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288. Intent can be an issue even in such crimes. In this case, for example, appellant's presence at and flight from the distillery could have been innocent, as he claimed, or could have been accompanied by a criminal intent, and, hence, a part of his criminal conduct, as the Government claimed. If there are present all of the other requisites of one of the exceptions to the general rule forbidding evidence of prior convictions, then I do not think that the evidence becomes inadmissible simply because the charge on trial does not require proof of a "specific intent." The usual purpose of evidence of prior convictions, when admissible at all, is to show that the acts proved to have been committed by the defendant were done with a criminal intent. That was our approach in Fallen v. United States, 5 Cir., 220 F.2d 946, 948, where we said:

"We think that there could have been no real question of Trice's criminal motive if, in fact, he changed the numbers on the stolen automobiles. Proof of the commission of the act carried with it the evident implication of a criminal intent. In such instances, evidence of the perpetration of other like offenses is not needed to establish criminal motive or intent and is not admissible for such purpose."

McClain v. United States, 5 Cir., 1955, 224 F.2d 522, and the present opinion seem to me to reverse the order, so as to have us reason from the abstract legal definition of the crime backward, rather than from the acts of the defendant forward to the intent with which they were done, and such reversal, I think, tends not only to confuse rather than to help, but erroneously places crimes not requiring a "specific intent" outside the application of the exception to the rule.

However, even when intent is in issue, the prior wrongful acts must be similar to the one charged, must not be so remote as to be lacking in evidentiary value, and must logically tend to prove the defendant's criminal intent in some more definite manner than simply by proving that he is generally of bad character. Indeed, in the present development of the law in this Circuit, I believe that the probative value of such evidence to show intent must depend on something more than the defendant's character, general or specific. See Weiss v. United States, 5 Cir., 120 F.2d 472, on rehearing, 5 Cir., 122 F.2d 675, 682–689; Lloyd v. United States, 5 Cir., 226 F.2d 9; Lindsey v. United States, 5 Cir., 227 F.2d 113. The evidence of the defendant's seven prior convictions showed merely his tendency to violate the Internal Revenue liquor laws, and constituted proof in no other way that his presence at the still and flight therefrom were done with a criminal intent. Our law makes some allowance for the possi-

bility of reform, and does not yet say "once a moonshiner, always a moonshiner". For that reason, I concur that the evidence of the prior convictions was not admissible.