**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Ocie ANDERSON, Defendant-Appellant.**

**No. 72–2134**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Jan. 8, 1973.

York et al, 5th Cir. 1970, 431 F.2d 409, Part I.

Milton Fairchild, Gulfport, Miss., John F. McKay, Baton Rouge, La., for defendant-appellant.

Douglas M. Gonzales, U. S. Atty., Baton Rouge, La., Robert L. Livingston, Mary Williams Cazalas, Asst. U. S. Attys., New Orleans, La., for plaintiff-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM, Circuit Judges.

THORNBERRY, Circuit Judge:

Appellant was convicted below of violating the Mann Act, 18 U.S.C.A. § 2421, by transporting a woman in his automobile from Baton Rouge, Louisiana, to Kilgore, Texas, for the purpose of prostitution. He appeals on several grounds. We affirm.

### Speedy Trial

Appellant argues first that his conviction must be reversed because he was denied his Sixth Amendment right to speedy trial. Appellant was indicted on May 11, 1971, arrested on May 12, 1971, and arraigned on June 18, 1971; trial was set for September 27, 1971. On June 15, 1971, Stephen Young, who was charged in the same indictment as appellant, was killed, and on appeal appellant claims that Young's testimony could have exonerated him completely at trial. A week before trial was set to begin the government moved for a continuance for the reason that it could not locate its principal witness. The trial court granted the motion and trial was later re-set for March 6, 1972. On March 6 the parties appeared in court, but the prosecution again asked for additional time to locate its key witness, whom the government had failed to subpoena for the trial date through an oversight. The court granted a one-day postponement. The witness not having been found on the following day, a further

one-day postponement was granted and trial finally commenced on March 8, 1971.

Barker v. Wingo, 1972, 407 U. S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101, has authoritatively established that in determining whether a defendant's right to speedy trial has been violated, the courts should apply a balancing test, weighing the conduct of the prosecution and of the defendant and giving particular attention to four factors: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U.S. at 530, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. We do not believe the ten-month period that elapsed between indictment and trial constituted an unreasonable delay in the circumstances of this case. A large part of the delay was due to the government's inability to locate its key witness. Except for the two-day delay from March 6 to March 8, 1971, appellant does not suggest that the government was responsible for the witness' disappearance or that it was less than diligent in attempting to find her. While a criminal prosecution may not be left "pending" indefinitely due to the disappearance of witness, absence of an important witness is a valid ground for postponing trial for a time,[1] as the district judge did in this case. Also, we note that appellant in this case failed to request an earlier trial or to object to postponement until March 7, 1971, the day before the trial was held.

Appellant suggests that he suffered prejudice from the delay because the only witness who could have exonerated him, his co-defendant Young, died during the ten-month period between indictment and trial. Young's death did not occur at the end of this period, however, but at a time one month after indictment and three days before appellant's arraignment. Certainly the government cannot be charged with unreasonable delay at that point in time, and the contin-

uance obtained by the government thereafter had no bearing on appellant's loss of Young as a witness. Considering the length of the time between indictment and trial, the reasons for the continuances, appellant's failure to object to postponements until the day before he was tried, and his failure to show any substantial prejudice he suffered because of the continuances, we conclude he was not denied his Sixth Amendment right to speedy trial.

## Sufficient Time to Review Jencks Act Material

Appellant urges as his second ground for reversal that the trial judge erred in not allowing defense counsel sufficient time to examine a prior statement of a government witness supplied to him by the prosecution as required by the Jencks Act, 18 U.S.C.A. § 3500. Appellant asserts in his brief that defense counsel had less than forty-five minutes to examine the statement, which totaled over 100 pages in length. We do not reach the question whether the failure to allow more time constituted an abuse of discretion by the trial judge, because we find defense counsel failed to make a sufficient objection to the trial judge's ruling to preserve the question for appellate review. See Fed.R.Crim.P., Rule 51. Appellant's retained counsel at trial did say he "would like to have a few minutes to review" the statement, but when the trial judge stated that counsel had already had sufficient time before trial, defense counsel did not move for recess or object to the court's determination. Cf. Pallotta v. United States, 1st Cir. 1968, 404 F.2d 1035, 1036–1037. Further, if the ruling was erroneous at all, it did not rise to the level of plain error. See Fed.R.Crim.P., Rule 52(b); 3 C. Wright, Federal Practice and Procedure, § 836 (1969). Appellant asserts generally that additional time to examine the statement would have enabled defense counsel to cross-examine the wit-

---

1. Contrast United States v. Dyson, 5th Cir. 1972, 469 F.2d 735 where this court held an unexplained two-year delay con-

stituted a denial of the right to speedy trial.

ness more effectively, but points to no specific use counsel might have made of the statement or any likely prejudice he suffered from the ruling in the context of this case.

### Denial of Motion for Acquittal in the Presence of the Jury

█ Having moved for a judgment of acquittal in the jury's absence at the close of all the evidence, counsel for defendant said in the jury's presence: "Your Honor, for the record, may I renew my motion. I think I must renew it for the record." The Court replied: "All right. Let the record show that the motion for judgment of acquittal at the close of all the evidence has been made by defense counsel and denied." Appellant argues without citation of authority that the judge's mention and denial of the motion before the jury was error. We cannot agree. At most this ruling communicated to the jurors that the judge considered the evidence sufficient to warrant a jury decision of guilt or innocence. This determination by the trial judge is always implicit in his submission of the case to the jury; its communication to the jurors by denial of the motion for acquittal in the jury's presence was not error.

### Cautionary Instruction on Credibility of Government Witness and Sufficiency of the Evidence

█ Appellant complains of the trial judge's refusal to give a requested cautionary jury instruction regarding the credibility of the key government witness, an admitted prostitute and drug user. The witness' credibility was heavily impeached and was suspect. A more emphatic cautionary instruction would have been desirable, but we think the trial judge's clear direction that the jury should take into account the witness' character in evaluating her credibility was adequate.

█ We have reviewed the evidence and find it sufficient to support the conviction.

Affirmed.