**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Ovidio Omar URDIALES,
Defendant-Appellant.**

No. 75–1289.

United States Court of Appeals,
Fifth Circuit.

Nov. 24, 1975.
Rehearing and Rehearing En Banc
Denied Feb. 23, 1976.

**1246**

Oscar C. Gonzalez, Richard Harris, San Antonio, Tex., for defendant-appellant.

John E. Clark, U. S. Atty., Joel D. Conant, Jim Bock, Asst. U. S. Attys., San Antonio, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and TUTTLE and RONEY, Circuit Judges.

RONEY, Circuit Judge:

Defendant Ovidio Omar Urdiales, convicted on three narcotics counts under 21 U.S.C.A. §§ 841(a)(1) and 846 and 18 U.S.C.A. § 2, asserts the following errors on appeal: admission of prior offense evidence; admission of a co-conspirator's out-of-court hearsay statements; failure to acquit on insufficiency of evidence; admission of evidence produced by an alleged illegal search of defendant's automobile; failure to grant a mistrial because of the improper prejudicial testimony and questioning of Government witnesses; and improper charge to the jury as to an accomplice's testimony. We affirm.

The crimes charged were conspiracy and aiding and abetting a co-defendant's unlawful distribution of 22.7 and 245.09 grams of heroin. The two transactions occurred within a few days of each other at a club owned by defendant. The purchases were made by a Government agent from the co-defendant, an employee at defendant's club, who had pled guilty prior to trial.

### Prior 1969 Heroin Offense

The most troublesome point on appeal concerns the introduction into evidence during defendant's cross-examination by the Government of a 1969 narcotics transaction. No conviction had been obtained as a result of this prior transaction, the charges having been dismissed upon completion of the defendant's agreement to cooperate with the Government in obtaining the conviction of a prime target. The defendant contends his involvement with heroin in 1969 was improperly admitted to prove intent for two reasons: *first*, intent, although a material element of the crime charged, was not a genuine issue in the case, and *second*, the use of the prior transaction to prove intent violated the terms of a pretrial omnibus agreement.

■ The defendant concedes that, contrary to the general rule prohibiting evidence of separate criminal transactions, use of other offenses is permitted for the purpose of establishing intent. Relying on cases such as *United States v. Ring*, 513 F.2d 1001 (6th Cir. 1975), however, he contends that other offenses are admissible under this exception only when intent is a genuinely contested issue in the case.

■■ A series of Fifth Circuit cases has developed the law concerning the "intent" exception to the general rule. *E. g., United States v. San Martin*, 505

F.2d 918 (5th Cir. 1974); *United States v. Goodwin*, 492 F.2d 1141 (5th Cir. 1974); *United States v. Martinez*, 466 F.2d 679 (5th Cir. 1972), *reh. denied*, 481 F.2d 896 (5th Cir.), *cert. denied*, 414 U.S. 1065, 94 S.Ct. 571, 38 L.Ed.2d 469 (1973); *Matthews v. United States*, 407 .F.2d 1371 (5th Cir. 1969), *cert. denied*, 398 U.S. 968, 90 S.Ct. 2177, 26 L.Ed.2d 554 (1970); *Baker v. United States*, 227 F.2d 376 (5th Cir. 1955); *Weiss v. United States*, 122 F.2d 675 (5th Cir.), *cert. denied*, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941). Synoptically, the prerequisites needed for application of the exception are fourfold: (1) plain, clear and convincing evidence of a prior similar offense, (2) not too remote in time, (3) in which intent is a material element, and (4) the proof of which is substantially needed by the Government to the extent that material prejudice to the defendant is outweighed. The prior offense introduced in this case, substantially similar to the offenses for which defendant was on trial, satisfies these requirements and was properly held admissible. *See*, in addition to those cases cited previously, *United States v. Simmons*, 503 F.2d 831 (5th Cir. 1974); *United States v. Cavallino*, 498 F.2d 1200 (5th Cir. 1974); *United States v. Arias-Diaz*, 497 F.2d 165 (5th Cir. 1974); *United States v. Fonseca*, 490 F.2d 464 (5th Cir.), *cert. denied*, 419 U.S. 1072, 95 S.Ct. 660, 42 L.Ed.2d 668 (1974).

We need not rule here on whether a plea of "not guilty" would put intent sufficiently in issue to support admission of the evidence in the Government's case in chief. Unlike the Sixth Circuit's decision in *United States v. Ring, supra,* and cases cited therein, where the prior offenses were proved in the Government's case in chief, the defendant here had taken the stand, admitted his presence at the scene of the transaction, but generally denied his involvement. This denial carried with it a denial of intent to be involved. No cases cited support defendant's contention that the kind of defense asserted in this case removed intent as a material issue to the point where the prior transaction "intent" exception should not apply.

On objection to the admission of the evidence in the trial court, the defendant did not assert a violation of the pretrial omnibus agreement, a point he vigorously argues on appeal. We believe that this is the kind of argument that must be specifically asserted before the trial court to be reviewable on appeal. *See* F.R.Crim.P. 51; *cf. United States v. Anderson*, 471 F.2d 201, 203 (5th Cir. 1973). Even assuming the defendant's interpretation of the omnibus agreement would have been upheld by the district court if asserted at trial, other measures could then have been taken to protect both the Government's evidentiary rights and the defendant's problem of surprise and could have eliminated the necessity of a retrial. *See generally* 3 Wright, *Federal Practice & Procedure (Criminal)* § 842 (1969). Under such circumstances, we find no reversible error in the admission of the evidence and no cause to consider the application of *United States v. Scanland*, 495 F.2d 1104 (5th Cir. 1974).

### Co-Conspirator's Hearsay

Hearsay statements made to a Government agent by a co-conspirator are properly admissible if the prosecution proves the conspiracy's existence by independent evidence. *Glasser v. United States*, 315 U.S. 60, 74, 62 S.Ct. 457, 86 L.Ed. 680 (1942); *United States v. Oliva*, 497 F.2d 130, 132–133 (5th Cir. 1974). We believe the evidence in this case was sufficient to show existence of the conspiracy independent of the hearsay statements. The Government agent had questioned defendant moments before the first heroin transaction as to whether everything was ready. Urdiales replied that "everything is ready, go in and talk to Alex." Defendant was present at the club during the entire transaction, and even gestured in an affirmative manner in response to the agent's visual inquiries when the heroin pickup was made. During the second transaction, defendant's actions in reference to the co-conspirator's concomitant movements in and out of the club, and

the discovery of the money beneath the floor mat of the defendant's car, further support the conspiracy's existence apart from the implicating remarks.

### Sufficiency of the Evidence

■ A review of the record reveals that the evidence, though circumstantial, was sufficient when viewed in the light most favorable to the jury verdict to support a finding beyond a reasonable doubt that a conspiracy did exist. *See Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457 (1942).

### Automobile Search

■ Defendant contests the admission into evidence of $3,000 found by a Government agent who noticed through the car window a distinctive bulge under the floor mat of defendant's car. The evidence withstands the illegal search challenge under the principles of *Chambers v. Maroney,* 399 U.S. 42, 46–52, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). *Cf. Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). Although the car was not being driven, it was in the process of being towed away. Immediate action by the officer was justified. The agent had seen the defendant with the car on a prior occasion. The automobile, found in a parking lot behind a bus station, had earlier in the day been parked across from the club owned by Urdiales, the scene of the two transactions. Although no agent saw defendant move the car, it had indisputably been moved between the time the defendant had entered and left the club until he was arrested inside the bus station, a period of only a few minutes. The agent testified that he knew of the missing $3,000 even before the car was searched. Under these exigent circumstances, there is no merit to defendant's contention that a search warrant should have been obtained.

### Jury Charge

The judge charged that:

An alleged accomplice does not become incompetent as a witness merely because of participation with others in the criminal act charged. However, the jury should keep in mind that the testimony of an alleged accomplice, if you decide he was an accomplice, should be closely examined, received with caution and weighed with great care.

■ The accomplice had testified, contrary to his earlier hearsay statements, that defendant played no role in the drug deals. This Court in *United States v. Nolte,* 440 F.2d 1124, 1126 (5th Cir.), *cert. denied,* 404 U.S. 862, 92 S.Ct. 49, 30 L.Ed.2d 106 (1971), stamped its imprimatur on a similar jury charge where an accomplice had exculpatorily testified for the defense. The Supreme Court in *Cool v. United States,* 409 U.S. 100, 103, 93 S.Ct. 354, 34 L.Ed.2d 335 (1972), cited *Nolte* with approval. The instant case does not concern a charge which predicated the jury's acceptance of the testimony on finding it true beyond a reasonable doubt, as in *Cool.* Here the charge concerned only the weight to be accorded the evidence, a practice recognized as proper by *Cool.*

### Harmless Error

■ The testimony received from a Government agent concerning defendant's reputation in heroin traffic and the prosecutor's reference to defendant's attempt at bargaining with the Government after "the case was made," did not constitute reversible error under the circumstances of this case. At best, they only rise to the level of harmless error. *See* F.R.Crim.P. 52(a).

Affirmed.