**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Thalia ADDERLY and Simeon Adderly,
Sr., Defendants-Appellants.**

**No. 75–2622.**

United States Court of Appeals,
Fifth Circuit.

April 9, 1976.

Rehearing Denied May 10, 1976.

See also 5 Cir., 529 F.2d 1182.

Robert P. Foley, Philip G. Butler, Jr., West Palm Beach, Fla., for defendants-appellants.

Robert W. Rust, U. S. Atty., Joel C. Fanning, Charles O. Farrar, Jr., Asst. U. S. Attys., Miami, Fla., for plaintiff-appellee.

Before WISDOM, COLEMAN and GEE, Circuit Judges.

GEE, Circuit Judge:

On September 7, 1974, FBI agents procured a search warrant for the residence of Johnny Freelove, a co-defendant, where they found gambling paraphernalia and a large quantity of cash. Freelove and Thalia Adderly were apprehended on the premises. Simeon Adderly and two other co-defendants were arrested elsewhere on the basis of FBI surveillance connecting them with this alleged gambling operation. All five co-defendants were indicted on two counts—conspiracy to conduct, and conducting an illegal gambling business. 18 U.S.C. §§ 371 and 1955. One defendant was acquitted on December 2, 1974, and a mistrial was declared as to the other four defendants on December 6, 1974, when the jury was unable to reach a verdict on either count as to any defendant.

On April 21, 1975, a second trial began. One defendant was severed and subsequently pled guilty to conspiracy and was sentenced separately. A jury then found Thalia and Simeon Adderly and Johnny Freelove guilty of both counts. Thalia and Simeon Adderly received concurrent three-year sentences from which they appeal. Freelove did not appeal his conviction. Appellants' motion for new trial was denied, and this appeal is based on the theory that evidence of their earlier conviction for conspiracy to violate 18 U.S.C. § 1955 was improperly admitted during the government's case in chief. We affirm.

■■ This court has often faced the question of when a prior conviction may be used as evidence in the prosecution for subsequent acts. In *United States v. San Martin*, 505 F.2d 918 (5th Cir. 1974), we established the prerequisites for admission of prior misconduct: the prior offense must be similar and must be convincingly proved, it must not be too remote in time, the exception to the general rule of exclusion for which the offense is admitted must be a material issue in the instant case, and there must be a substantial need for the evidence. The probative value of such prior misconduct

must also be balanced against its prejudicial effect. *United States v. Goodwin*, 492 F.2d 1141 (5th Cir. 1974). Defendants here argue that in order for a prior offense to be admitted to establish intent as an exception to the general rule of exclusion, "specific intent" must be an element of the offense charged. Neither 18 U.S.C. § 371 nor § 1955 specifically refers to intent or knowledge. The government contends that evidence may be admitted to establish the general intent that is an element of all criminal offenses except those imposing strict liability. We agree that the offense of conspiracy by its very nature requires an element of intent or knowledge sufficient to allow an exception to the general rule of exclusion of prior misconduct.

While one may, for instance, be guilty of running past a traffic light of whose existence one is ignorant, one cannot be guilty of conspiracy to run past such a light for one cannot agree to run past the light unless one supposes that there is a light to run past. *United States v. Crimmins*, 123 F.2d 271, 272 (2d Cir. 1941). As this court stated in *United States v. Arias-Diaz*, 497 F.2d 165 (5th Cir. 1974), in a conspiracy charge, establishing a conspiracy is the essential first step, so a prior offense which tends to establish the conspiracy is admissible under the intent exception.

■ Earlier decisions of this court have rested on statutory language setting forth the elements of the offense to admit or exclude evidence of prior misconduct tending to establish intent. *United States v. Miller*, 500 F.2d 751 (5th Cir. 1974); *Hamilton v. United States*, 409 F.2d 928 (5th Cir. 1969); *Baker v. United States*, 227 F.2d 376 (5th Cir. 1956); *McClain v. United States*, 224 F.2d 522 (5th Cir. 1955). We find the categories of "specific intent" crimes and "general intent" crimes unhelpful in analyzing when such evidence properly bears on intent. This distinction between specific and general intent crimes was first announced as dicta in *McClain v. United States, supra.* The court held that convictions for violations of city ordinances,

as opposed to state laws, were not admissible for *any* purpose, and then added that they were not admissible to prove intent since intent was not an element of the offense. The *McClain* dicta were followed in *Baker v. United States, supra,* with Judge Rives criticizing the distinction between specific and general intent in his concurring opinion:

> If there are present all of the other requisites of one of the exceptions for the general rule forbidding evidence of prior convictions, then I do not think that the evidence becomes inadmissible simply because the charge on trial does not require proof of a "specific intent." The usual purpose of evidence of prior convictions, when admissible at all, is to show that the acts proved to have been committed by the defendant were done with a criminal intent. . . . *McClain v. U. S.* [cite omitted] and the present opinion seem to me to reverse the order, so as to have us reason from the abstract legal definition of the crime backward, rather than from the acts of the defendant forward to the intent with which they were done, and such reversal I think, tends not only to confuse rather than to help, but erroneously places crimes not requiring a "specific intent" outside the application of the exception to the rule.

227 F.2d at 378. Judge Rives found the prior convictions relevant only to character in *Baker* and voted to exclude them for that reason.

 In *Hamilton v. United States, supra,* this court cited *McClain* and *Baker* but excluded prior misconduct evidence because intent, as such, was not an issue where the defendant denied having committed the criminal act but never claimed lack of knowledge or innocence as a defense.[1] Again, in *United States v. Miller, supra,* this court cited *McClain*

and *Baker* as grounds for excluding evidence of prior convictions but noted additionally that the defense in the case was lack of participation in the conspiracy, not lack of intent or knowledge. The *Miller* court further noted that the trial court failed to balance probative value against prejudice as required by *Goodwin.* In every case where this circuit has cited lack of specific intent in the statutory definition of an offense as a reason for not admitting evidence of prior convictions, it is clear that the court had additional reasons for denying the intent exception. This is because the distinction between specific intent and general intent is of little help in deciding when intent is really an issue. All crimes other than those imposing strict liability require a degree of culpability, either knowledge, intent, recklessness or willfulness. Whether there is a material issue as to this element of intent depends not on the statutory definition of the offense but on the circumstances of the case and on the nature of the defense. *United States v. Ring,* 513 F.2d 1001 (6th Cir. 1975). A defendant who admits committing an act but relies on innocence, mistake, or lack of knowledge to exculpate him has made an issue of intent. A defendant who denies participation in an act raises no discrete issue of intent and if the act be proven the intent will usually be inferred. This circuit first admitted evidence of a prior conviction in response to a plea of innocent intent. *Weiss v. United States,* 122 F.2d 675 (5th Cir. 1941). In the present case, as in *Weiss,* the issue of defendants' innocence or lack of knowledge is sharply drawn. Defendant Thalia Adderly was apprehended in a room with gambling paraphernalia in open view. She claims she knew nothing about any bolita equipment or any gambling operation but had gone to this house to get her car repaired. Simeon Adderly de-

---

1. Proof of the commission of the act carried with it the evident implication of a criminal intent. In such [circumstances], evidence of the perpetration of other like offenses is not needed to establish criminal motive or intent and is not admissible for such purpose.

*Fallen v. United States,* 220 F.2d 946, 948 (5th Cir. 1955); *accord Helton v. United States,* 221 F.2d 338 (5th Cir. 1955).

nied knowledge that money and slips of paper he had been observed collecting were in any way connected with a gambling operation. The defense of an innocent state of mind makes it possible for the government to introduce a prior conviction bearing on knowledge or intent if the other requisites of *San Martin* are met and if the evidence has more probative value than prejudicial effect. In *United States v. Madrid*, 510 F.2d 554 (5th Cir. 1975), a defendant charged with transporting aliens contended that he did not know the girls in his car were illegal aliens. This court allowed the introduction of a prior confession of transporting aliens to show knowledge. In *United States v. Fonseca*, 490 F.2d 464 (5th Cir. 1974), a defendant charged with importing and possessing with intent to distribute marijuana said he did not know that 50 pounds were concealed in his car. This court allowed evidence of an earlier discovery of marijuana in the same car driven across the same bridge between Mexico and the United States by the same defendant "because of the sheer improbability that a person with his familiarity and experience with the specific criminal conduct charged might have been unaware that a crime was being committed or might have performed the acts with an innocent and lawful intent." *United States v. Klein*, 340 F.2d 547, 549 (2d Cir. 1965), *quoted with approval*, 490 F.2d at 470. Most recently in *United States v. Urdiales*, 523 F.2d 1245 (5th Cir. 1975), this circuit approved the introduction of evidence of an earlier narcotics transaction where defendant "had taken the stand, admitted his presence at the scene of the transaction, but generally denied his involvement. This denial carried with it a denial of intent to be involved. No cases cited support defendant's contention that the kind of defense asserted in this case removed intent as a material issue to the point where the prior transaction 'intent' exception should not apply." At 1247.

██ In the other cases where this court has approved the intent exception, evidence of prior misconduct was intro-

duced after defendant had taken the stand. It is only after the defense is presented that the trial judge can know if intent or knowledge or any exception to the exclusion rule is truly a disputed issue in the trial. *United States v. King*, 505 F.2d 602, 610 (5th Cir. 1974); *United States v. Miller*, 500 F.2d 751, 763 (5th Cir. 1974). In the instant case the government introduced the prior conviction during its case in chief. *Urdiales* specifically left open the question whether a not-guilty plea would put intent sufficiently in issue to support admission of such evidence in the government's case in chief. 523 F.2d at 1247. We hold that under the peculiar circumstances of this case—where the government could anticipate the defense testimony because of the previous trial which resulted in a hung jury—the untimely admission of prior-misconduct evidence does not provide grounds for reversal.

We find no merit in appellants' claim that proof of the prior conviction was not clear and convincing or that the conviction was too remote. Because intent was a material issue in this trial, evidence of the Adderlys' prior convictions was genuinely relevant, and its probative value outweighed its prejudicial effect. The convictions must be AFFIRMED.