STATE OF CONNECTICUT *v.* ERIC EDGE
(AC 16569)

Foti, Dupont and Daly, Js.

Argued December 11, 1997—officially released February 24, 1998

*Jeremiah Donovan*, for the appellant (defendant).

*Mitchell S. Brody*, senior assistant state's attorney, with whom, on the brief, were *Kevin Kane*, state's attorney, and *Stephen Carney*, assistant state's attorney, for the appellee (state).

*Opinion*

DUPONT, J. The defendant appeals from the judgment of conviction of assault in the second degree in violation of General Statutes § 53a-60 (a) (1). He claims that he was denied an impartial jury as guaranteed by the sixth amendment to the United States constitution and article first, § 8, of the Connecticut constitution. He also claims that the cross-examination of him and a witness deprived him of a fair trial. We disagree and affirm the judgment of the trial court.

I

The defendant's first claim arises out of the fact that a motion for a judgment of acquittal was made, argued and decided in the presence of the jury. After the state had rested its case-in-chief, the defendant moved for a judgment of acquittal and briefly argued it in the presence of the jury. The defendant's entire argument was as follows: "In support of this judgment [of acquittal] the defendant states that there's insufficient evidence in front of this court to—for them to make a—for them to reasonably permit a finding of guilt. In support of that, all we heard from is the victim herself as to the location of the defendant that night. Her—her testimony was—was contradictory in nature in places. The corroborating witnesses were also contradictory in their testimony regarding of what they heard and what they saw."

After those remarks by the defendant, the court stated, "Why don't I defer—I'll defer ruling on that until later. Do you [the state] want to be heard now?" In response to that question, the prosecutor stated that the motion for the judgment of acquittal should be denied and, in support of his request, gave the following reasons: "The state has put forth substantial evidence on each and every element of the charge . . . . We put forth evidence from [the victim] saying that she was in fact struck by the defendant, Mr. Edge. We put forth evidence that there were spontaneous utterances by [the victim] at the time of the incident, when it was fresh, that the defendant, Mr. Edge, had in fact done it. We put forth evidence, Your Honor, of the seriousness of the injury. We heard for over an hour Dr. Burke's testimony as regard to the surgery that was required to repair these very serious injuries. I think that the state has put forth substantial evidence on each and every one of the elements and the state suggests that the motion should be denied." Immediately thereafter, the court asked counsel to approach the bench, and a discussion took place off the record.

After the conference at the bench, still in the presence of the jury, the court stated that the motion was denied, but that it wanted the jury to understand that the denial was a legal ruling that did not deal with the weighing of the facts, but was a determination that, as a matter of law, there was enough evidence for the jury to decide the matter. The court also stated to the jurors that not all of the evidence was in and that they were obliged to consider all of the evidence and not to make up their minds until they had heard all of the evidence and the court's instructions, and had exchanged their views.[1]

---

[1] The court's full cautionary instruction was as follows: "In denying that motion I want the jury to understand that this is a legal ruling which deals not with the weighing of the facts, but merely a determination that as a matter of law there is enough evidence that has been presented for the matter to be decided by you, all right? It does not speak in any respect—

After the jury was dismissed, and in open court on the record, both the state and the defendant agreed that during the sidebar conference the defendant had objected to the court's ruling on the defendant's motion in the presence of the jury. Furthermore, in response to an inquiry by the court as to whether either party had any exceptions to its remarks to the jury made in connection with its ruling on the motion, neither party excepted. The court then gave both parties an opportunity to draft a curative instruction to be given to the jury regarding the function of the court and the function of the jury. The following day, prior to the presentation of the defendant's evidence, the court read to the jury the instruction that had been submitted to it by the defendant,[2] and the defendant moved for a mistrial

and you should not construe this ruling in any respect to affect the quantum of evidence which you are required to find before you could return a verdict of guilty in this matter, so that is as you take this case and the evidence is not all in, that's one of the issues here is . . . this is a motion made at the conclusion of the state's case—I want you to consider . . . all of the evidence in this case and not to make up . . . your mind at this time regarding any of the issues in the case until you've heard all of the evidence in the case and until you've heard my instructions and until you've gone back and exchanged views with . . . each other regarding what you've heard, okay? So I want to make sure that it's clear to you that, as I said in my instructions earlier, nothing that I am doing in this case should be viewed as suggesting or intimating any views which I have with respect to the facts of this case and with respect to whether or not the defendant should be found guilty or not guilty by you. That is your sole province, okay? Do we understand that? Okay. Let the record reflect that all the jurors are nodding affirmatively, correct? Okay."

[2] The trial court charged the jury as follows: "Yesterday I was presented with and ruled on the defendant's motion for judgment of acquittal in this matter. I'm advising you that my decision was merely based upon whether the prosecution has presented sufficient evidence to present this case to the jury at the end of all the evidence and nothing more. As I instructed you at the beginning of the case, I think probably on several occasions, you and you alone are sole judges of the facts. I think I also instructed you . . . at the beginning of this case that there are certain aspects of the case which are not evidence. One of the things that I indicated was not evidence are the arguments of counsel or rulings by the court. I also indicated to you that . . . at any point during the course of this trial I might make comments in my rulings but that none of my comments should be taken by you as any

based on the court's denial, in the presence of the jury, of his motion for a judgment of acquittal. Later in the day, near the close of the presentation of evidence by the defendant, the trial court denied the motion for a mistrial. In support of its ruling, the court noted that it was the defendant who, without prior warning, moved for a judgment of acquittal in the presence of the jury. The court reasoned that a ruling in the presence of the jury was necessary to avoid juror confusion. The court added that while it may have been a better practice not to have ruled on the motion in the jury's presence, the court could discover no bar against doing so and, given the court's curative instruction, the court concluded that its ruling did not deny the defendant an impartial jury.

The defendant claims that it was likely that the jury accorded great weight to the trial court's denial of the defendant's motion for a judgment of acquittal and likely that the jury construed the ruling as an expression of support for the credibility of the state's witnesses and a guilty verdict, thereby denying him an impartial jury. We are aware of no Connecticut case that resolves the issue of whether, as a matter of law, a motion for a mistrial must be granted in the circumstances of this case. No rule of practice nor any statute governing

indication or intimation of my views regarding the facts in this case. My actions during the trial in ruling on motions or objections by counsel therefore are not to be taken by you as any indications of my opinion as to how you should determine any of the issues of fact and what weight to afford to any of the witnesses who have testified in this proceeding. Finally, I think I indicated to you that one of the things that you're not to consider are things which I instruct you to disregard and . . . although I think it's clear that you are not to consider the arguments . . . of counsel and my ruling that I made yesterday, just so it's absolutely clear, I am instructing you to disregard those events as part of your deliberations because they do not constitute evidence in this matter. Okay. Does anybody have any questions about that? Okay. All jurors indicating negatively and does any . . . juror have any problem with . . . [his or her] ability to proceed at this point in time? All right. With that, then, we can proceed.

motions for judgment of acquittal specifically describes the procedure to be followed when such motions are made and ruled on. See Practice Book §§ 883, 884, 885; General Statutes § 54-89.

Federal courts and the courts of other states have recognized that the denial of a defendant's motion for judgment of acquittal in the presence of the jury creates a danger that the jury will believe that the trial judge is expressing an opinion that the evidence supports a finding of guilt. *Tanner* v. *United States*, 401 F.2d 281, 285 (8th Cir. 1968), cert. denied, 393 U.S. 1109, 89 S. Ct. 922, 21 L. Ed. 2d 806 (1969); *United States* v. *Coke*, 339 F.2d 183, 185–86 (2d Cir. 1964). The cases indicate, however, that while ruling on such motions outside the presence of the jury is the preferred practice, it is neither a mandatory rule nor a constitutional requirement. *Tanner* v. *United States*, supra, 285. Determining whether such a ruling in the presence of the jury constitutes prejudicial error requires a careful examination of the record as a whole, including any cautionary instructions given to the jury by the court, and must be determined on a case-by-case basis. See, e.g., *United States* v. *Diharce-Estrada*, 526 F.2d 637, 641 (5th Cir. 1976). In *Diharce-Estrada*, after noting that the defendant "did not initiate the discussion which led to the open-court denial" of the defendant's motion for acquittal, the court held that "when combined with the disparaging remarks made to defense counsel in the course of the trial," the denial in open court constituted prejudicial error. Id.

Another case that considered this issue, *United States* v. *Anderson*, 471 F.2d 201, 204 (5th Cir. 1973), held that an open court denial of a motion for a judgment of acquittal initiated by the defendant did not constitute reversible error because "[a]t most this ruling communicated to the jurors that the judge considered the evidence sufficient to warrant a jury decision of

guilt or innocence." In *State* v. *Rogers*, 420 A.2d 1363, 1364–65 (R.I. 1980), the court stated that motions for judgments of acquittal should be heard and disposed of outside the presence of the jury but held that the failure to do so, in the absence of other factors, does not automatically deprive defendants of fair trials.

Given the particular facts of the present case, the defendant's motion for mistrial was properly denied because by moving and arguing for a motion for judgment of acquittal in the presence of the jury, the defendant created the situation of which he now complains and invited the ruling that was made in the presence of the jury. Further, the trial court's extensive cautionary instructions to the jury made it clear that the court's ruling on the motion did not constitute an opinion regarding the credibility of the state's witnesses or the defendant's guilt. Accordingly, we affirm the trial court's denial of the defendant's motion for mistrial.

II

The defendant next claims that the prosecutor's cross-examination of him concerning his adulterous relationship with the victim of the assault and the prosecutor's cross-examination of the defendant's wife concerning a family relations intake report left the impression that the defendant had engaged in domestic violence, created undue prejudice and deprived the defendant of a fair trial. The following additional facts are necessary for a proper disposition of this claim.

On cross-examination, the defendant acknowledged that he had engaged in an adulterous relationship with the victim and that he deliberately kept knowledge of the relationship from his wife. The prosecutor also asked the defendant a series of questions concerning his current girlfriend.

During the direct examination of the defendant's wife, she denied that the defendant had ever been violent toward her or their children. On cross-examination, the prosecutor questioned her about the number of times the police were called to her home for "domestic-related incidents." The defendant objected to that line of questioning and the jury was excused. Outside of the presence of the jury, the prosecutor stated that he had given defense counsel a copy of a family relations intake report indicating that the defendant had been arrested four times for domestic violence, that the defendant had opened the door to this line of questioning by eliciting testimony from his wife that the defendant was not violent and that the intake report provided an adequate basis on which to undertake this line of inquiry in good faith.

The defendant moved for a mistrial on the ground that he was prejudiced by the state's questioning of his wife about his alleged domestic violence. Defense counsel added that he did not want the court to issue a curative instruction because such an instruction would merely call attention to the testimony. The trial court agreed with the prosecutor that the defendant had opened this line of inquiry by eliciting testimony that he was not violent and concluded that prejudice did not result from the questioning. Accordingly, the trial court denied the defendant's motion for mistrial.

Upon the return of the jury, the trial court sustained the pending objection and asked the prosecutor whether he had any further questions of the defendant's wife. The prosecutor responded, "In light of what's happened, Your Honor, the state would just wish Mrs. Edge a good morning and we have no further questions of her."

The defendant now claims that the trial court improperly denied his motion for a mistrial because the state's

cross-examination of him regarding his adultery, the state's cross-examination of his wife regarding domestic violence and the state's comment that "in light of what's happened" the state had no further questions for the defendant's wife were so prejudicial as to deprive the defendant of a fair trial.

We will not consider the cross-examination of the defendant or the challenged statement by the prosecutor as a basis for the defendant's appeal of the trial court's denial of his motion for a mistrial because the defendant neither objected to those comments nor tied his motion for mistrial to those comments in any way.[3] Rather, the defendant's motion for a mistrial was based solely on the prosecutor's cross-examination of the defendant's wife regarding the family relations intake report. Because appellate review of evidentiary rulings is limited to the specific grounds raised at trial; *State* v. *Newsome*, 238 Conn. 588, 596, 682 A.2d 972 (1996); we will limit our review to the cross-examination of the defendant's wife.

"While the remedy of a mistrial is permitted under the rules of practice, it is not favored. [A] mistrial should be granted only as a result of some occurrence upon the trial of such a character that it is apparent to the court that because of it a party cannot have a fair trial . . . and the whole proceedings are vitiated. . . . On appeal, we hesitate to disturb a decision not to declare a mistrial. . . . The trial court is in a better position than we are to evaluate in the first instance whether a certain occurrence is prejudicial to the defendant and, if so, what remedy is necessary to cure that prejudice. . . . The decision whether to grant a mistrial is within

---

[3] The prosecutor's comment that he would not question the defendant's wife any further occurred after the trial court's denial of the defendant's motion for mistrial. The defendant neither objected to that comment nor renewed his motion for mistrial at that time.

the sound discretion of the trial court." (Citations omitted; internal quotation marks omitted). *State* v. *Correa,* 241 Conn. 322, 350–51, 696 A.2d 944 (1997).

We are unpersuaded that the state's cross-examination of the defendant's wife was so prejudicial, in the context of the trial as a whole, that the defendant was denied a fair trial. On cross-examination, she was asked how many times the police came to her home for domestic related incidents. She responded that the incidents concerned her son, not the defendant. This line of inquiry was relevant to the defendant's alleged violent tendencies, a topic opened up by the defendant on direct examination of his wife. Further, the jury could not have reasonably been left with the impression that the domestic incidents referred to on cross-examination implicated the defendant in any negative way. Under the circumstances, we conclude that the trial court did not abuse its discretion by denying the defendant's motion for a mistrial.

The judgment is affirmed.

In this opinion the other judges concurred.